DARLENE A. DORNAN, Court Counsel (State Bar No. 182228)
Superior Court of California, County of San Diego
By CHERYL L. BRIERTON, Litigation Attorney (State Bar No. 108242)
220 West Broadway
San Diego, California 92101
Telephone: (619) 531-3036
Facsimile: (619) 685-6606

Attorneys for Defendant, The Honorable William McAdam, Judge of the Superior Court of
        California, County of San Diego

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANTZ E. ARNELL,<br><br>                    Plaintiff,<br><br>   v.<br><br>JACK LIEB ESQ. AND ASSOC., JUDGE W. MCADAM, ET AL.,<br><br>              Defendants. | Case No.: 08-CV-00441 WQH (JMA)<br><br>DEFENDANT JUDGE MCADAM'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE<br><br>**[No Oral Argument Unless Requested By The Court]**<br><br>Date:   June 16, 2008<br>Time:  11 a.m.<br>Crtrm: 4 (4th Floor)<br>Judge: The Honorable William Q. Hayes |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

08cv00441

TOPICAL INDEX

Page

TABLE OF AUTHORITIES……………………………...….…………….. -iii-

I.    BACKGROUND……………....……………….….….…………..  1

   A.    PROCEEDINGS IN *LANTZ ARNELL V. JUDGE W. MCADAM*, CASE NO. 07CV0743-LAB (RBB)……………….…  1

   B.    ALLEGATIONS IN *LANTZ ARNELL V. JACK LIEB ESQ. & ASSOC., JUDGE W. MCADAM, ET AL.*, CASE NO. 08CV00441 WQH (JMA)…………………………………………  2

II.    ARGUMENT…………………………………………………..  3

   A.    STANDARD OF REVIEW……..........…………………………..  3

   B.    THE COMPLAINT SHOULD BE DISMISSED, UNDER THE COURT'S INHERENT POWERS TO SUMMARILY DISMISS ABUSIVE PLEADINGS…………………………………………  3

   C.    THE COMPLAINT SHOULD BE DISMISSED, UNDER THE COURT'S INHERENT POWER TO DISMISS A CASE FOR JUDGE-SHOPPING…………………………………………  4

   D.    JUDICIAL IMMUNITY PRECLUDES THIS LAWSUIT AGAINST DEFENDANT JUDGE MCADAM…………………..  5

   E.    ELEVENTH AMENDMENT IMMUNITY BARS PLAINTIFF'S CLAIMS……………………………………………………...  7

   F.    THE DISTRICT COURT SHOULD DISMISS THIS ACTION BASED ON ABSTENTION DOCTRINE………………………..  10

   G.    PLAINTIFF'S COMPLAINT IS BARRED BY HECK V. HUMPHREY …………………......................................................  11

   H.    PLAINTIFF CANNOT STATE A CLAIM FOR CONSPIRACY  11

III.    CONCLUSION…………………………………………….........  13

TABLE OF AUTHORITIES

Page

CASES

*Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 [105 S. Ct. 3142, 87 L. Ed. 2d 171] (1985)………………………………………………..   8

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)……………..   3

*Bell Atl. Corp. v. Twombly*, 550 U.S. __ [127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929] (2007)………………………………………………   3

*Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 [20 L. Ed. 646] (1871)……………   6

*Brooks v. Sulphur Springs Valley Elec. Co-Op.*, 951 F.2d 1050, 1053 9th Cir. 1991), *cert. denied*, 503 U.S. 938 (1992)……………………………   7

*Broughton v. Cigna Healthplans*, 21 Cal. 4th 1066, 1081-1082 (1999)……………   8

*Brown v. Rumsfeld*, 211 F.R.D. 601, 605 (N.D. Cal. 2002)…………………………   4

*Carrigan v. California State Legislature*, 263 F.2d 560, 564 (9th Cir. 1959)………   3

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 [111 S. Ct. 2123, 2133, 115 L. Ed. 2d 27] (1991)……………………………………………...   5

*Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1086 (9th Cir. 2002)…………………   12

*Cunha v. Anglo California Nat. Bank,* 34 Cal. App. 2d 383, 388-389 (1939)………   4

*Dennis v. Sparks*, 449 U.S. 24, 27 [101 S. Ct. 183, 66 L. Ed. 2d 185] (1980)………   6

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, n.16 [103 S. Ct. 1303, 75 L. Ed. 2d 206] (1983)…………………………………..   10

*Dittman v. California*, 191 F.3d 1020, 1025-1026 (9th Cir. 1999), *cert. denied*, 530 U.S. 1261 (2000)…………………………………………………...   8

*Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001)…..   10

*Dugan v. Rank*, 372 U.S. 609, 620 [83 S. Ct. 999, 10 L. Ed. 2d 15] (1963)………...   9

*Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991)..………………   7

*Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 [81 S. Ct. 523, 5 L. Ed. 2d 464] (1961)...............…………..   12

*Estate of King*, 121 Cal. App. 2d 765, 774-775 (1953)………………………………   4

*Ex Parte Young,* 209 U.S. 123 [28 S. Ct. 441, 52 L. Ed. 714] (1908)………………   9

# TABLE OF AUTHORITIES

Page

## CASES (cont'd)

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284
    [125 S. Ct. 1517, 161 L. Ed. 2d 454] (2005)………………………………...    10

*Federal Maritime Commission v. South Carolina State Ports Authority*,
    535 U.S. 743, 753 [122 S. Ct. 1864, 152 L. Ed. 2d 962] (2002)…………….    7

*Ferri v. Ackerman*, 444 U.S. 193 [100 S. Ct. 402, 62 L. Ed. 2d 355] (1979)……....    6

*Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank*,
    527 U.S. 627, 670 [119 S. Ct. 2199, 144 L. Ed. 2d 575] (1999)…………….    7

*Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995)…………………………    7

*Gimbel v. State of California*, No. C 07-0113 SBA, 2007 U.S. Dist. LEXIS
    73273, 2007 WL 2753276 (N.D. Cal. Sept. 19, 2007)………………………    4

*Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110
    (9th Cir. 1987)…………………………………………………………………    8

*Guerrero v. Gates*, 442 F.3d 697 (9th Cir. 2006)………………………………...    11

*H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239
    [109 S. Ct. 2893, 106 L. Ed. 2d 195] (1989)…………………………………    12

*Haines v. Kerner*, 404 U.S. 519 [92 S. Ct. 594, 30 L. Ed. 2d 652] (1972)…………..    4

*Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000)…………………………...    6

*Heck v. Humphrey*, 512 U.S. 477 [114 S. Ct. 2364, 129 L. Ed. 2d 383] (1994)…….    1,11

*Hernandez v. City of El Monte*, 138 F.3d 393, 398-399 (9th Cir. 1998)…………….    5

*Howard v. America Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000)………………...    12

*Hyland v. Wonder,* 117 F.3d 405, 413 (9th Cir. 1997), *cert. denied*, 522 U.S. 1148
    (1998)…………………………………………………………………………    9

*In re Ramirez*, 89 Cal. App. 4th 1312, 1320 (2001)………………………………...    7

*Kentucky v. Graham,* 473 U.S. 159, 165 [105 S. Ct. 3099, 87 L. Ed. 2d 114] (1985)    8

*King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986)…………………………………...    4

*Lance v. Dennis*, 546 U.S. 459 [126 S. Ct. 1198, 163 L. Ed. 2d 1059] (2006)……..    10

*Lefcourt v. Superior Court*, 63 F.Supp.2d 1095, 1098 (N.D. Cal. 1999)……………    11

*Lyons v. Wickhorst*, 42 Cal. 3d 911, 915 (1986)…………………………………….    4

TABLE OF AUTHORITIES

Page

<u>CASES (cont'd)</u>

*McMillian v. Monroe County,* 520 U.S. 781, 789 [117 S. Ct. 1734, 138 L. Ed. 2d 1] (1997)……………………………………………………… 9

*Meek v. County of Riverside,* 183 F.3d 962, 965 (9th Cir. 1999), *cert. denied,* 528 U.S. 1005………………………………………………………... 8

*Mendocino Environmental Ctr. v. Mendocino County,* 192 F.3d 1283, 1301 (9th Cir. 1999)……………………………………………………….. 11

*MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986)……………… 3

*Mireles v. Waco,* 502 U.S. 9, 11 [112 S. Ct. 286, 116 L. Ed. 2d 9] (1991)…………. 6

*Mitchell v. Los Angeles Community College District,* 861 F.2d 198, 201 (9th Cir. 1988), *cert. denied,* 490 U.S. 1081 (1989)………………………… 9

*Oliva v. Sullivan,* 958 F.2d 272 (9th Cir. 1992)…………………………………….. 5

*Olson Farms, Inc. v. Barbosa,* 134 F.3d 933, 936 (9th Cir. 1998)………………….. 10

*Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 [104 S. Ct. 900, 79 L. Ed. 2d 67] (1984)……………………………………………………. 7

*Pennzoil Co. v. Texaco Inc.,* 481 U.S. 1, 25 [107 S. Ct. 1519, 95 L. Ed. 2d 1] (1987) 11

*People v. Gallardo,* 77 Cal. App. 4th 971 (2000)…………………………………… 7

*People v. Nickerson,* 128 Cal. App. 4th 33, 38 (2005)……………………………… 7

*Phillips v. Carey,* 638 F.2d 207, 208 (10th Cir. 1981)……………………………… 4

*Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146 [113 S. Ct. 684, 121 L. Ed. 2d 605] (1993)………………………………... 8

*Regents of Univ. of Cal. v. Doe,* 519 U.S. 425, 427 [117 S. Ct. 900, 137 L. Ed. 2d 55] (1997)……………………………………………….. 9

*Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 [44 S. Ct. 149, 68 L. Ed. 362] (1923)……………………………………………………………………… 10

*Royce Int'l Broadcasting Corp. v. Field,* No. C 99-4169 SI, 2000 WL 236434, at *5, 2000 U.S. Dist. LEXIS 2369, at *14 (N.D. Cal. Feb. 23, 2000) ……... 12

*Sacramento & San Joaquin Drainage Dist. v. Superior Court,* 196 Cal. 414, 432 (1925)………………………………………………………………………... 8

*Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir. 1988), *cert. denied,* 488 U.S. 995………………………………………………………………… 6

# TABLE OF AUTHORITIES

Page

<u>CASES (cont'd)</u>

*Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54 [116 S. Ct. 1114,
    134 L. Ed. 2d 252] (1996)…………………………………………………    7

*Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1535 (9th Cir. 1992)…………………    12

*Simmons v. Sacramento County  Superior Court*, 318 F.3d 1156, 1161
    (9th Cir. 2003)……………………………………………………..    8

*Stephen Slesinger, Inc. v. Walt Disney Co.*, 155 Cal. App. 4th  736, 758-759 (2007)    4

*Stump v. Sparkman,* 435 U.S. 349, 355-356 [98 S. Ct. 1099, 55 L. Ed. 2d 331]
    (1978)………………………………………………………………..    6

*Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978)……………………………...    3

*United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993)………………    4

*Wilkie v. Robbins*, No. 06-219, 551 U.S. __ [127 S. Ct. 2588, 168 L. Ed. 2d 389]
    (June 25, 2007)……………………………………………………………    12

*Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 [109 S. Ct. 2304,
    105 L. Ed. 2d 45] (1989)……………………………………………..    8

*Worcester County Trust Co. v. Riley*, 302 U.S. 292, 299-300 [58 S. Ct. 185, 82 L.
    Ed. 2d 268] (1937)………………………………………………...    9

*Worldwide Church of God v. McNair*, 805 F.2d 888, 891-92 (9th Cir. 1986)……...    10

## <u>CONSTITUTIONAL PROVISIONS</u>

California Constitution,

       Article VI, Section 1.................................................................    8
       Article VI, Section  4.................................................................    8
       Article VI Section 11.................................................................    7

United States Constitution,

       11th Amendment..............................................................    7,8,9

# TABLE OF AUTHORITIES

Page

## STATUTES-STATE

Government Code

    Section 77003.............................................................................................. 9
    Sections 77200, et seq................................................................................. 9

Penal Code

    Section 17.................................................................................................... 7
    Section 19.................................................................................................... 7
    Section 19.4................................................................................................. 7
    Section 1466................................................................................................ 7

## STATUTES- FEDERAL

18 U.S.C. § 1961-1968…………………………………….......  12
18 U.S.C. § 1962, subd. (d)…………………………………………  12
42 U.S.C. § 1983………….....................................................................  9, 11

## RULES- FEDERAL

Apellate Procedure

    Rule 32.1………………………………………………………..  4,12

Civil Procedure

    Rule 12(b)(6).............................................................................................  3

Evidence

    Rule 201………………………………………………………….......  3

# TABLE OF AUTHORITIES

Page

## RULES - STATE

California Rules of Court

        Rule 10.102................................................................................... 10
        Rule 10.201...............................................................……........ 10
        Rule 10.202................................................................................... 10
        Rule 10.810……….……………………………………………….…..... 9
        Rule 10.810, function 10(b)........................................................... 9

## CASES IN THE SUPERIOR COURT OF
## CALIFORNIA, COUNTY OF SAN DIEGO

*People v. Lantz Arnell*, California Court Case Number S188356............................. 1

*Randlett T. Lawrence v. Lantz E. Arnell*, California Court Case Number
        GIS20077……………………………………………………………. 1

Defendant, the Honorable William McAdam ("Judge McAdam"), Judge of the Superior Court of California, County of San Diego ("California Court"), hereby moves that this Court dismiss the complaint, with prejudice. To the extent Plaintiff is claiming civil rights violation(s), his complaint is barred by state sovereign immunity, judicial immunity, and abstention doctrines. In addition, Plaintiff cannot demonstrate the invalidity of his conviction, as required by *Heck v. Humphrey*, 512 U.S. 477, 481-482 [114 S. Ct. 2364, 129 L. Ed. 2d 383] (1994). Moreover, Plaintiff cannot state a claim for conspiracy by the mere use of conclusory and scurrilous allegations, when facts subject to judicial notice demonstrate that Plaintiff is suing Judge McAdam based solely on Plaintiff's dissatisfaction with underlying proceedings in the California Court.

## I.

## BACKGROUND

### A.  Proceedings in *Lantz Arnell v. Judge W. McAdam*, Case No. 07cv0743-LAB (RBB).

On April 24, 2007, Plaintiff filed a 177-page Complaint in *Lantz Arnell v. Judge W. McAdam*, Case No. 07cv0743-LAB (RBB), based on Plaintiff's dissatisfaction with Judge McAdam's denial of Plaintiff's writ of coram nobis relating to Plaintiff''s state misdemeanor case(s) in the California Court, initially arising from a neighborhood altercation.[1] The writ itself appeared to be premised on misconduct by Plaintiff's attorneys in the state misdemeanor case. With respect to relief, Plaintiff sought "dismissal of a misdemeanor charge based on false allegations of several conspirators who have successfully interfered

---

[1]Attorney Jack Lieb represented Plaintiff Randlett Lawrence against Lanz Arnell in a related state civil suit. See, Defendant Judge McAdam's Request for Judicial Notice on his Motion to Dismiss with Prejudice, Exhibit A: Minutes of March 26, 2007 in *People v. Lantz Arnell*, California Court Case No. S188356, reflecting Judge McAdam's denial of the petition for writ of coram nobis; Exhibit B: Lantz Arnell's Guilty Plea on March 3, 2004, in *People v. Lantz Arnell*, California Case No. S188356; Exhibit C, Minutes of December 15, 2006 in *Randlett T. Lawrence v. Lantz E. Arnell*, California State Trial Court Case No. GIS20077.

with the appellant's interstate commerce through violence and corruption", presumably a form of equitable and/or declaratory relief.

In that case, the California State Judicial Branch Defendants filed a Motion to Dismiss with Prejudice on June 12, 2007, amended June 19, 2007, based on judicial immunity and other theories. The Honorable Larry A. Burns, District Court Judge, took the motion under submission on August 8, 2007.

On August 13, 2007, Judge Burns imposed sanctions of $3,500 on Plaintiff, and denied the California State Judicial Branch Defendants' motion to dismiss as moot, based on Plaintiff's dismissal filed August 9, 2007.

B.    **Allegations in *Lantz Arnell v. Jack Lieb Esq. & Ass., Judge W. McAdam, et al.*, Case No. 08cv00441 WQH (JMA).**

The allegations in the instant case arise from the same neighborhood altercation, and the resulting California Court criminal and civil cases. Specifically, Plaintiff is pleading a conspiracy between Judge McAdam and Jack Lieb, Plaintiff's opposing counsel in the state civil case at trial and on appeal (dismissed March 28, 2007). A sampling of Plaintiff's scurrilous allegations include: "murder, murder for hire, arson, identity theft, computer hacking, wire fraud, white slavery, kidnapping, staged traffic accidents, jury tampering, election fraud & intimidation at polling places, corruption of public officials, financing of street gangs, insurance fraud, perpetuation of religious intolerance", and racketeering. (Complaint, 3:13-4:3.)

Plaintiff continues: "McAdam was paid with illicit funds to protect Lieb by denying a writ of coram nobis under color of writ relating to that case. [P] "McAdam uses his influence to encourage the Judge and clerks in that case to give Lieb favorable rulings, with-hold documents, rearrange information in the file and block access to the appellate court." (Complaint, 5:6-12.) "There have been 3 attempts to either kill or maim the plaintiff by members of the continuing criminal enterprise (CCE)…Lieb and McAdam have used illicit funds from the illegal activities of the CCE to arrange for assassination attempts and are accessories to multiple counts of fraud, and attempted murder." (Complaint, 5:18-25.)

"The illegal wire taps, rerouted and blocked telephone calls, mail fraud and the legion of con artists the CCE, including Lieb and McAdam, has paid to harass the pltf make the pursuit of normal business activity impossible." (Complaint, 9:3-7.)

## II.

## ARGUMENT

### A.    Standard of Review.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted where there is either a lack of cognizable legal theory upon which to grant relief, or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

### B.    The Complaint Should Be Dismissed, Under the Court's Inherent Powers to Summarily Dismiss Abusive Pleadings.

A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. __ [127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929] (2007). The factual allegations must be definite enough to "raise a right to relief above the speculative level." The pleadings must contain factual allegations "plausibly suggesting (not merely consistent with)" a right to relief. *Id.* at 1965. Furthermore, pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

The Ninth Circuit has recognized the court's power to dismiss an appeal as frivolous, and to strike briefs and pleadings as "either scandalous, impertinent, scurrilous, and/or without relevancy." *Carrigan v. California State Legislature*, 263 F.2d 560, 564 (9th Cir. 1959). In *Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978), the court in fact dismissed an appeal with prejudice, because the appellant's notice of appeal contained "vile and insulting references to the trial judge."

"Due to the very nature of the court as an institution, it must and does have an inherent power to impose order, respect, decorum, silence and compliance with lawful mandates". *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993). Accordingly, "if the complaint or other pleadings are abusive or contain offensive language, they may be stricken sua sponte under the inherent powers of the court." *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981).[2]

"Even if the "Amended Complaint" actually alleged a cognizable claim (which a cursory review of the document demonstrates that it does not), the Court is under no obligation to consider the merits of Gimbel's calumnious screed, which is a stream-of-consciousness diatribe directed primarily at insulting the Court. [P] While it is true that pro se complaints are held to a less stringent pleading standard than attorneys, pro se litigants must follow the same general rules of procedure and decorum that govern other litigants. See *Haines v. Kerner*, 404 U.S. 519 [92 S. Ct. 594, 30 L. Ed. 2d 652] (1972); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *Brown v. Rumsfeld*, 211 F.R.D. 601, 605 (N.D. Cal. 2002). The Amended Complaint filed by Gimbel is an abusive document designed to insult the Court, and will be dismissed under the Court's inherent powers to summarily dismiss abusive pleadings." *Gimbel v. State of California*, No. C 07-0113 SBA, 2007 U.S. Dist. LEXIS 73273, 2007 WL 2753276 (N.D. Cal. Sept. 19, 2007).[3]

**C.    The Complaint Should Be Dismissed, Under the Court's Inherent Power to Dismiss a Case for Judge-Shopping**.

In Plaintiff's previous case, <u>*Lantz Arnell v. Judge W. McAdam*, Case No. 07cv0743-LAB (RBB)</u>, the California State Judicial Branch Defendants filed a Motion to Dismiss with Prejudice on June 12, 2007, amended June 19, 2007, based on judicial immunity and other

---

[2] By analogy, California courts possess the inherent authority to dismiss cases that are fraudulent or "vexatious." *Stephen Slesinger, Inc. v. Walt Disney Co.*, 155 Cal. App. 4th 736, 758-759 (2007), citing *Lyons v. Wickhorst*, 42 Cal. 3d 911, 915 (1986), *Estate of King*, 121 Cal. App. 2d 765, 774-775 (1953), and *Cunha v. Anglo California Nat. Bank,* 34 Cal. App. 2d 383, 388-389 (1939).

[3] Cited by analogy to Federal Rules of Appellate Procedure, Rule 32.1, as amended January 1, 2007.

1  theories.  The Honorable Larry A. Burns, District Court Judge, took the motion under

2  submission on August 8, 2007.

3       Plaintiff made a number of unsuccessful attempts to obtain the recusal of Judge

4  Burns, as set forth above.  When these failed, Plaintiff dismissed his action on August 9,

5  2007.  As a result, Defendant Judge McAdam's motion to dismiss with prejudice was denied

6  as moot on August 13, 2007.

7       Plaintiff  has now refiled a variation of his earlier action, in the instant proceeding.

8  Defendant Judge McAdam raised the issue of Plaintiff's judge-shopping, in his Notice of

9  Related Cases filed April 7, 2008.

10       As stated in *Hernandez v. City of El Monte*, 138 F.3d 393, 398-399 (9th Cir. 1998):

11       "Our case law supports the proposition that a district court has the inherent power sua

12  sponte to dismiss an action for judge-shopping.  In *Oliva v. Sullivan*, 958 F.2d 272 (9th Cir.

13  1992), for example, we held that "[d]istrict courts have inherent power to control their

14  dockets and may impose sanctions, including dismissal, in the exercise of that discretion."

15  *Id.* at 273 (reviewing the district court's sua sponte dismissal for lack of prosecution)

16  (emphasis added). The Supreme Court has also stated that a "primary aspect" of every

17  federal court's inherent power is "the ability to fashion an appropriate sanction for conduct

18  which abuses the judicial process." *Chambers v. NASCO, Inc*., 501 U.S. 32, 44-45 [111 S.

19  Ct. 2123, 2133, 115 L. Ed. 2d 27] (1991).  Judge-shopping clearly constitutes "conduct

20  which abuses the judicial process."  The district court's inherent power to impose dismissal

21  or other appropriate sanctions therefore must include the authority to dismiss a case for

22  judge-shopping."

23       This court should also dismiss this case for judge-shopping.

24       **D.**    __Judicial Immunity Precludes This Lawsuit Against Defendant Judge__

25       __McAdam.__

26       When the pleadings are viewed in the context of the documents of which judicial

27  notice may be taken, it is plain that Plaintiff's complaint against the Judge McAdam arises

28  from his dissatisfaction with the ruling of Judge McAdam on his writ of coram nobis in the

California Court, and possibly from other judicial rulings in the courts of California. The complaint, therefore, fails to state a claim upon which relief may be granted against this moving Defendant, because he is immune from liability under the judicial immunity doctrine. *Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000).

In the present matter, Judge McAdam is being sued in connection with his exercise of a judicial function. Judges are "not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman,* 435 U.S. 349, 355-356 [98 S. Ct. 1099, 55 L. Ed. 2d 331] (1978), quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 [20 L. Ed. 646] (1871). So long as the challenged judicial act is within the jurisdiction of the court, there is absolute judicial immunity from liability for the act even where there are allegations of conspiracy. *Dennis v. Sparks,* 449 U.S. 24, 27 [101 S. Ct. 183, 66 L. Ed. 2d 185] (1980).

The law of judicial immunity is well established. This law provides that "judges are absolutely immune from damage actions for judicial acts taken within jurisdiction of their courts." *Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir. 1988), *cert. denied*, 488 U.S. 995. Furthermore, this is "an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco,* 502 U.S. 9, 11 [112 S. Ct. 286, 116 L. Ed. 2d 9] (1991). Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 [20 L. Ed. 646] (1871). As explained in *Ferri v. Ackerman*, 444 U.S. 193 [100 S. Ct. 402, 62 L. Ed. 2d 355] (1979):

> As public servants, the prosecutor and the judge represent the interest of society as a whole. The conduct of their official duties may adversely affect a wide variety of different individuals, each of whom may be a potential source of future controversy. The societal interest in providing such public officials with the maximum ability to deal fearlessly and impartially with the public at large has long been recognized as an acceptable justification for official immunity. The point of immunity for such officials is to forestall an atmosphere of intimidation that would conflict with their resolve to perform their designated functions in a principled fashion. *Id.*, at 202-204.

In the present matter, Plaintiff has sued Judge McAdam, simply because he has made rulings relating to Plaintiff's state misdemeanor case and possibly the related civil action. These cases are properly within a California Judges' jurisdiction.[4] E.g., *People v. Gallardo*, 77 Cal. App. 4th 971 (2000) [writ of coram nobis]. Such judicial conduct cannot form the basis of any civil claim because it is protected by the absolute judicial immunity doctrine. Plaintiff's complaint thus fails to state a claim against Defendant Judge McAdam.

### E.    Eleventh Amendment Immunity Bars Plaintiff's Claims.

Plaintiff's action is barred by sovereign immunity. The Eleventh Amendment of the United States Constitution prohibits suits against a state and its agencies and departments for legal or equitable relief. *Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743, 753 [122 S. Ct. 1864, 152 L. Ed. 2d 962] (2002); *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54 [116 S. Ct. 1114, 134 L. Ed. 2d 252] (1996); *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank,* 527 U.S. 627, 670 [119 S. Ct. 2199, 144 L. Ed. 2d 575] (1999).

"This jurisdictional bar applies regardless of the nature of relief sought." *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 [104 S. Ct. 900, 79 L. Ed. 2d 67] (1984); *Brooks v. Sulphur Springs Valley Elec. Co-Op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) ["The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature"], *cert. denied*, 503 U.S. 938 (1992). Specifically, "the Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an arm of the state, its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (citing *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991)).

---

[4] The appellate divisions of the superior courts have appellate jurisdiction over appealable orders from "misdemeanor case[s]." Cal. Penal Code §§ 17, 19, 19.4, 1466; see Cal. Const. art. VI, § 11; *People v. Nickerson*, 128 Cal. App. 4th 33, 38 (2005); *In re Ramirez*, 89 Cal. App. 4th 1312, 1320 (2001).

California has not waived its sovereign immunity.  *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 [105 S. Ct. 3142, 87 L. Ed. 2d 171] (1985); *Dittman v. California*, 191 F.3d 1020, 1025-1026 (9th Cir. 1999), *cert. denied*, 530 U.S. 1261 (2000).

The Superior Court is part of the judicial branch of state government created by the state constitution.

> The superior courts of the State of California, while located and functioning in the several counties of the state, are not local or county courts, but constitute a system of state courts, being vested with and exercising the judicial power of the state under the express terms of section 1 of Article VI of the state constitution.

*Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987); *Simmons v. Sacramento County  Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) [claim against the state court or its employees was barred by the Eleventh Amendment]; *Sacramento & San Joaquin Drainage Dist. v. Superior Court*, 196 Cal. 414, 432 (1925).

State immunity extends to state officers who act on behalf of the state and can therefore assert the state's sovereign immunity.  *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc*., 506 U.S. 139, 146 [113 S. Ct. 684, 121 L. Ed. 2d 605] (1993); *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 [109 S. Ct. 2304, 105 L. Ed. 2d 45] (1989) [While state officials literally are persons, a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office; as such, it is no different from a suit against the State itself]; *Kentucky v. Graham,* 473 U.S. 159, 165 [105 S. Ct. 3099, 87 L. Ed. 2d 114] (1985) [Official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent].

A judge of the Superior Court is a state officer.  Cal. Const. art. VI, § 4; *Broughton v. Cigna Healthplans*, 21 Cal. 4th 1066, 1081-1082 (1999); *Meek v. County of Riverside,* 183 F.3d 962, 965 (9th Cir. 1999), *cert. denied*, 528 U.S. 1005 [holding that municipal court judges are "State officials"].

A suit purportedly against an individual official is actually one against the state if the judgment sought would interfere with the public administration or effectively restrain the state from acting. *Dugan v. Rank*, 372 U.S. 609, 620 [83 S. Ct. 999, 10 L. Ed. 2d 15] (1963); *Worcester County Trust Co. v. Riley*, 302 U.S. 292, 299-300 [58 S. Ct. 185, 82 L. Ed. 2d 268] (1937). Here, any injunction or declaratory relief ordering the California judge not to proceed would operate against the State of California itself, because any state court can act only through individual adjudicatory officers. Thus, restraining Judge McAdam would effectively restrain the State of California from fulfilling its judicial function, an impermissible result under *Ex Parte Young,* 209 U.S. 123 [28 S. Ct. 441, 52 L. Ed. 714] (1908).

Under 42 U.S.C. § 1983, a key factor in determining whether an actor is a state or county employee is which entity is liable for damages in a suit against the official. See *McMillian v. Monroe County,* 520 U.S. 781, 789 [117 S. Ct. 1734, 138 L. Ed. 2d 1] (1997); accord, *Hyland v. Wonder,* 117 F.3d 405, 413 (9th Cir. 1997), *cert. denied*, 522 U.S. 1148 (1998) (quoting *Regents of Univ. of Cal. v. Doe,* 519 U.S. 425, 427 [117 S. Ct. 900, 137 L. Ed. 2d 55] (1997) [a crucial factor in determining whether an individual is exercising state or local authority is "who is legally obligated to pay the judgment that is being sought"]; *Mitchell v. Los Angeles Community College District*, 861 F.2d 198, 201 (9th Cir. 1988) [factors used to determine whether a particular state entity is a state agency entitled to Eleventh Amendment immunity are "whether a money judgment would be satisfied out of state funds, whether the entity performs central governmental functions, whether the entity may sue or be sued, whether the entity has the power to take property in its own name or only the name of the state, and the corporate status of the entity."], *cert. denied*, 490 U.S. 1081 (1989).

Effective July 1, 1997, the State of California assumed sole responsibility for the funding of all state trial court operations, as defined in California Government Code section 77003 and rule 10.810 of the California Rules of Court. *See* Cal. Gov't Code §§ 77003, 77200, et seq.; Cal. Rules of Ct., rule 10.810, function 10(b) (Allowable costs

include legal services for allowable court operations), rule 10.201 (claim and litigation procedure), rule 10.202 (litigation management). Additionally, the Administrative Director of the Courts may accept on behalf of the state courts any gift of real or personal property only if the gift and any terms and conditions are found to be in the best interest of the State of California. Cal. Rules of Ct., rule 10.102.

Hence, Defendant Judge McAdam should be dismissed with prejudice under the doctrine of state sovereign immunity.

## F. The District Court Should Dismiss This Action Based on Abstention Doctrine.

The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459 [126 S. Ct. 1198, 163 L. Ed. 2d 1059] (2006), quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp*., 544 U.S. 280, 284 [125 S. Ct. 1517, 161 L. Ed. 2d 454] (2005); see also, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, n.16 [103 S. Ct. 1303, 75 L. Ed. 2d 206] (1983); *Rooker v. Fidelity Trust Co*., 263 U.S. 413, 416 [44 S. Ct. 149, 68 L. Ed. 362] (1923); *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001); *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 936 (9th Cir. 1998); *Worldwide Church of God v. McNair*, 805 F.2d 888, 891-92 (9th Cir. 1986). The *Rooker-Feldman* doctrine applies "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Lance v. Dennis*, *supra*, 546 U.S. 459 [126 S. Ct. 1198, 163 L. Ed. 2d 1059, 1066].

All three requirements of the *Rooker-Feldman* doctrine are satisfied in this case: (1) "the party against whom the doctrine is invoked must have actually been a party to the prior state-court judgment or have been in privity with such a party", as was Plaintiff here; (2) "the claim raised in the federal suit must have been actually raised or inextricably intertwined with the state-court judgment"; and (3) "the federal claim must not be parallel to the state-court claim." *Lance v. Dennis*, *supra*, 546 U.S. 459 [126 S. Ct. 1198, 163 L. Ed. 2d 1059,

1064] (2006). Plaintiff's own pleadings indicate that in the both the civil and criminal state court proceedings, he took issue with the testimony of his neighbor(s).

A federal claim is considered "inextricably intertwined" with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco Inc*., 481 U.S. 1, 25 [107 S. Ct. 1519, 95 L. Ed. 2d 1] (1987) (Marshall, J., concurring). In other words, "the district court does not have jurisdiction if it cannot evaluate the constitutional claims without conducting a review of the state court's legal determinations in a particular case." *Lefcourt v. Superior Court*, 63 F.Supp.2d 1095, 1098 (N.D. Cal. 1999).

Accordingly, the instant action, attacking his opposing counsel in the state court civil proceedings and his judge in the state coram nobis proceeding for perceived calumnious improprieties, should be dismissed.

### G.    Plaintiff's Complaint is Barred by *Heck v. Humphrey*.

Under *Heck v. Humphrey*, 512 U.S. 477 [114 S. Ct. 2364, 129 L. Ed. 2d 383] (1994) a state prisoner cannot recover damages in a 42 U.S.C. § 1983 suit if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*, 512 U.S. 477, at 487; *Guerrero v. Gates*, 442 F.3d 697 (9th Cir. 2006). Plaintiff's success on any section 1983 claims would necessarily imply the invalidity of his state misdemeanor conviction.

### H.    Plaintiff Cannot State a Claim for Conspiracy.

To establish Judge McAdam's liability for a conspiracy, Plaintiff must "demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights." *Mendocino Environmental Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999) (citations and quotations omitted). Judge McAdam must have, "by some concerted action, intended to accomplish some unlawful objective for the purpose of harming another which results in damage." *Id.* (citations and quotations omitted). The agreement need not be overt, and may be based on circumstantial evidence. *Id.* at 1302.

No such facts have been or can be alleged here, where a state court judge merely ruled in a criminal action properly pending before him.

Alternatively, Plaintiff may also be attempting to allege a conspiracy claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968. Because Plaintiff failed to properly allege any substantive RICO violation, any putative RICO conspiracy claim also fails.  See 18 U.S.C. § 1962, subd. (d); *Howard v. America Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000).[5]

Plaintiff's Complaint does not plead the requisite elements, or indeed set forth any facts pertinent to this moving Defendant.  Resort to judicial process does not constitute the kind of wrongful use of force or threats contemplated under RICO.  See by analogy, *Wilkie v. Robbins*, No. 06-219, 551 U.S. __ [127 S. Ct. 2588, 168 L. Ed. 2d 389] (June 25, 2007) [public employees not liable under RICO for enforcing government claims].[6]

---

[5] To state a civil claim for violation of RICO, a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property. *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1086 (9th Cir. 2002). "[T]o show a pattern of racketeering activity, a RICO plaintiff must 'show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity.'" *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1535 (9th Cir. 1992) (quoting *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 [109 S. Ct. 2893, 106 L. Ed. 2d 195] (1989)). "Predicates are related if they have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated." *Id.*, at 1535. "Continuity is demonstrated if the illegal conduct poses a threat of continued criminal activity, such as when the illegal conduct is 'a regular way of conducting [a] defendant's ongoing legitimate business.'" *Id.* (quoting *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. at 239, 243).

[6] *Royce Int'l Broadcasting Corp. v. Field*, No. C 99-4169 SI, 2000 WL 236434, at *5, 2000 U.S. Dist. LEXIS 2369, at *14 (N.D. Cal. Feb. 23, 2000) ("[R]esort to the judicial process to resolve a… dispute does not constitute the kind of wrongful use of force or threats contemplated by the federal RICO statute.") (citing *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 [81 S. Ct. 523, 5 L. Ed. 2d 464] (1961)).  Cited by analogy to Federal Rules of Appellate Procedure, Rule 32.1, as amended January 1, 2007.

# III.

# CONCLUSION

For the reasons stated, Defendant Judge McAdam prays that the instant action be dismissed with prejudice, and judgment entered for Defendant.

Respectfully submitted,

DARLENE A. DORNAN, Court Counsel
Superior Court of California, County of San Diego

DATED:                          By:    s/ Cheryl L. Brierton
                                        CHERYL L. BRIERTON, Litigation Attorney
April 18, 2008                          Attorney for Defendant, The Honorable William
                                        McAdam, Judge of the Superior Court of California,
                                        County of San Diego