# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANTZ E. ARNELL,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br><br>JACK LIEB, ESQ. & ASSOCIATES,<br>JUDGE WILLIAM McADAM<br><br>　　　　　　　　　　Defendants. | CASE NO. 08cv441-LAB (RBB)<br><br>**ORDER RE:  REPLY TO NOTICE OF RELATED CASE** |

　　　　On April 24, 2007, Plaintiff filed a complaint against Defendant McAdam and other defendants in case 07cv743-LAB, *Arnell v. McAdam*. After being ordered to show cause why he should not be sanctioned for contemptuous statements made in his pleadings, Plaintiff withdrew his complaint on August 9, 2007. At a hearing on the Court's order to show cause, Plaintiff was ordered to, and did pay sanctions of $3500.

　　　　On March 10, 2008, Plaintiff filed his complaint (the "Complaint") in this case against Defendants Lieb and McAdam. McAdam is a state court Judge and Lieb is an attorney. The Complaint makes allegations against McAdam similar to those made in Plaintiff's previous complaint.  In particular, Plaintiff identifies a neighborhood incident and the subsequent litigation before McAdam, who is a state court judge, as forming part of the basis for his

/ / /

claims. (Complaint at 5:27–7:21, 8:1–24.) In this respect, his Complaint in this case is substantially similar to the complaint he filed previously in case number 07cv743.

The Complaint alludes to a case filed in 2007, but does not identify the case. (Complaint at 4:12–20.) The Complaint suggests default judgment, or at least a clerk's default, was entered against McAdam. (*Id.* at 4:14–15 ("The federal court ruled that McAdam failed to answer the complaint.")) The Complaint further alleges the complaint in the case to which he refers was somehow blocked by McAdam. (*Id*. at 4:15–20.) The case to which Plaintiff is referring is thus dissimilar to case number 07cv743.

The case at bar was initially assigned to Judge Napoleon Jones. Judge Jones recused on March 26, 2008, and the case was reassigned to Judge William Q. Hayes. On April 7, 2008, Defendant McAdam filed a notice of related case, correctly pointing out the similarities between this case and case number 07cv743. Thereafter, a low-number order was prepared in accordance with Civil Local Rule 40.1(h). On April 18, 2008, by the order of Judge Hayes with the consent of Judge Larry A. Burns, this case was reassigned to Judge Burns, to whom case number 07cv743 had been assigned.

On May 16, 2008, Plaintiff filed a pleading styled "Reply Regarding Judge McAdam's Notice of Related Case" in which he objects to the notice of related case and levels charges against the Court, and specifically against Judge Burns. There is no provision under the Local Rules or otherwise for parties to file an objection to a notice of related case. Nor does Plaintiff appear to be seeking reconsideration of Judge Hayes' order reassigning this case to Judge Burns. Because Plaintiff begins by citing Fed. R. Civ. P. 11 ("Reply Regarding Judge McAdam's Notice of Related Case" at 1:27–2:5) and goes on to allege the notice of related case was filed for an improper purpose (*id*. at 3:14), the Court construes the "Reply Regarding Judge McAdam's Notice of Related Case" as a motion for sanctions under Fed. R. Civ. P. 11(c)(2) ("Sanctions Motion").

Plaintiff failed to obtain a hearing date for this motion as required under Civil Local Rule 7.1(b); rather, the caption indicates the hearing date is "to be set by clerk." (Sanctions Motion at 1:22.) Plaintiff has previously been warned about this infraction. (Order of July

23, 2007 in Case Number 07cv743, at 1:23–2:11.) This, however, is among the least of the pleading's improprieties.

The Sanctions Motion improperly distorts the record and without any foundation accuses Defendant McAdam and the Court of wrongdoing.

Plaintiff suggests McAdam need not have filed the notice of related case at all because, he contends, "[t]he Court was already notified in the complaint." As discussed above, this is untrue. As noted, the Complaint did not accurately identify case number 07cv743 as related to the case at bar; rather, it never identified the case, and described it as being quite different from case number 07cv743. The Complaint fancifully described a case where Defendant McAdam, in spite of his default, managed to prevail by exerting his pecuniary influence. In case number 07cv743, by contrast, the Court never found Defendant McAdam in default, and it was Plaintiff himself who withdrew the complaint, citing a pending investigation of a traffic accident in which he believed McAdam might have been involved. (Motion to Withdraw Complaint, filed Aug. 9, 2007, at 2:19–25.)

Plaintiff also quibbles over McAdam's reference to a "neighborhood altercation," (Sanctions Motion at 2:16–21) and, citing the notice of related case, denies the Complaint is in any way based on this altercation:

> "The allegations in the instant case arise from the same neighborhood altercation." This is false. The allegations in the current case refer to events that have transpired over 40 years. Most of the "events" involving Judge McAdam in the "instant case" occurred after the previous case was filed. . . . Defendant wants to argue the previous case rather than answer the complaint on the current case.

(*Id*. at 2:22–28.) In fact, as noted, the Complaint makes very extensive allegations about this neighborhood altercation and the subsequent litigation before Judge McAdam. (Complaint at 5:27–7:21, 8:1–24.)

The Sanctions Motion continues by accusing Defendant McAdam of judge-shopping (Sanctions Motion at 3:1–15.) He does not stop there, however, but goes on to accuse the Court both explicitly and by implication of bias. (*Id.* at 3:5–9 ("Judge Burns['] bias against the plaintiff is well documented . . . ."), 3:21–22, 3:26–4:2 (alleging that McAdam, by

arranging to have this related case reassigned to Judge Burns, was "rig[ging] the court" and avoiding "a fair hearing on the merits").)  In support of his argument, Plaintiff cites no evidence other than the Court's rulings, which he considered improper.[1]

While Plaintiff, like most litigants, clearly feels he ought to prevail in this action, the nature of adverse litigation is that rulings are adverse to at least one of the parties.  A ruling a party feels is unwarranted is not, by itself, evidence of bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding that adverse rulings and remarks critical of or hostile to parties or their cases do not show bias).  If Plaintiff believes the Court's previous rulings, decisions, or orders — including the Judge Hayes' transfer order or Judge Burns' failure to recuse — are unjust or erroneous, his remedy is to appeal. *Id.*  He may also file a complaint of judicial incapacity or misconduct with the U.S. Court of Appeals for the Ninth Circuit.  He is not, however, free to pepper his pleadings with accusations against the Court.  Doing so subjects him to sanctions and possibly contempt proceedings.

Defendant McAdam's filing of a notice of related case was appropriate.  This District's Civil Local Rules define related actions as those involving "some of the same parties and . . . based on the same or similar claims, or . . .[i]nvolving the same . . . transaction, or event . . . ." Civil Local Rule 40.1(f).  As provided under Rule 40.1(e), McAdam's counsel was obligated to file the notice of related case where, as here, she had reason to believe this case was related to case number 07cv743.

As provided in Rule 40.1(h), Judge Hayes transferred this case to this Court on the grounds that this case and case number 07cv743 arise from the same or substantially identical transactions, happenings or events; involve the same or substantially the same parties or property; call for determination of the same or substantially identical questions of law; and would entail unnecessary duplication of labor if heard by different judges. (Transfer Order filed April 18, 2008.)

---

[1] In the earlier case, Plaintiff, an ophthalmologist, purported to diagnose Judge Burns as mentally incompetent due to some kind of neurological illness or infirmity, based on his impression of the Court's written order. (*See* Order of July 23, 2007 in Case Number 07cv743, at 4:20–5:15; Order of Aug. 8, 2007 in Case Number 07cv743, at 3 n.1, 4:22–5:13.)

Plaintiff accuses Defendant McAdam of "judge shopping" (Sanctions Motion at 3:15), which apparently consists of nothing more than compliance with local rules. On the contrary, as noted, the Civil Local Rules provide for the reassignment of related cases. Defendant McAdam's notice of related case mentions the concern that Plaintiff may be engaged in "judge-shopping." (Notice of Related Case at 5:5–6.) This is a reasonable concern, bearing in mind Plaintiff's failure to make clear he had recently dismissed a case based in large part on similar allegations.

Plaintiff also accuses McAdam of "[a]ttempting to re-litigate a case already dismissed," and "[f]orcing plaintiff to answer this frivolous document[.]" (Sanctions Motion at 3:19–20.) These attacks are unfounded. It was Plaintiff himself, in his Complaint, who made many of the same allegations as before and who is now attempting to litigate the claims he previously dismissed. Furthermore, Plaintiff was not even allowed — much less forced — to answer the notice of related case.

Plaintiff is once again, and for a <u>final</u> time, admonished that he must not make baseless accusations against other parties or counsel, or contemptuous accusations against the Court, and he must not file groundless or misleading pleadings. If he does so he will be subject to further sanctions, up to and including dismissal of the Complaint with prejudice, monetary sanctions, and possible contempt proceedings.

Plaintiff's Sanctions Motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: May 20, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge