1  LANTZ ARNELL, MD
2  P.O. BOX 181583 Coronado, CA 92178
3  Tel. (619) 435-4064



NUNC PRO TUNC
MAY 21 2008

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANTZ ARNELL, MD | Case # '08 - CV- 00441 |
| | NOTICE of opposition to |
| | Judge McAdam's Motion |
| vs. | To Dismiss |
| | Oral argument requested. |
| Judge W. McAdam | |
| Respondent | |

Date:    June 16, 2008
Time:    11a.m.
Room:    9
Judge    Honorable William Burns

To Ms. Cheryl L Brierton, attorney for Judge William McAdam (herein after (defendant): PLEASE TAKE NOTICE that on June 16, 2008 at 11 a.m., in courtroom assigned by the court clerk on the 4th floor of the United States District Court for the Southern District of California, located at 940 Front Street, San Diego

1

California before the Honorable Judge William Burns, plaintiff will oppose defendant's Motion to Dismiss plaintiff's complaint by oral presentation and the filing of these and other papers on the grounds that the motion is fatally flawed.

 1. Sovereign immunity and Rooker Feldman abstention do not apply when extrinsic fraud is alleged in a racketeering case.

 a. "Extrinsic fraud on a Court is, by definition, not an error by that court. It is, rather, a wrongful act committed by the party or parties who engaged in the fraud. Rooker Feldman does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgement obtained by that fraud. [*KOUGASIAN v. TMSL, Inc.,* (9TH Cir. 2004) 359 F3d 1136,1141] No judicial immunity if judge is a party to the extrinsic fraud.

 b. Sovereign immunity is conferred by the 9TH, 10TH, and 11th Amendments to the United States Constitution. However, article 1, section 8, paragraph 3 gives the federal government the exclusive authority to regulate interstate commerce. "Congress shall have the power...to regulate Commerce...among the several states." "Allegations... concerning bribery, extortion and macing by county and political party officials supported civil RICO claim." "...criminal proceedings were instituted against plaintiffs through defendant officials offers to benefit prosecutors' political careers..." [*Rose v. Bartle,* C.A. 3 (Pa.) 1989, 871 F. 2d 331]

 c. "Plaintiff has standing to sue under RICO if complaint alleges injury to business or property proximately caused by overt act in furtherance of conspiracy to violate RICO, even though the overt act is not a predicate act *required* in RICO pattern. [Schiffels v. Kemper Financial Services, Inc., C.A. 7 (Ill.) 1992, 978 F. 2d 344].

 d. "Suits against state officers in their individual capacity for damages for violation of federal law are not deemed actions against the state and are not barred by (sovereign immunity). [Scheuer v. Rhodes (1974) 416 US 232, 237, 94 s. Ct.

1683, 1687]. "(Sovereign immunity) is no bar to suit against individual state officers in federal court." **The court has jurisdiction over the person.** [*Hafer v. Melo (1991)* 502 US 21, 31, 112 S. Ct. 358, 365] "Indemnification from the state by itself is not enough to treat actions against state officials as actions against the state." [*Ashker v. California* Dept. Of Corrections (9th Cir.1997) 112 F. 3d 392, 395.]

    e. Section 5 of the 14th Amendment provides that "Congress shall have the power to enforce, by appropriate legislation, the provisions of this article. This provision abrogates the state's immunity from private suits in federal court to enforce equal protection and due process. [*Fitzpatrick v. Bitzer (1976)* 427 US 455, 456, 96 S. Ct. 2666, 2671]. Extrinsic fraud denies plaintiff access to the courts and Section 5 of the 14th Amendment is intended to supercede Sovereign immunity with regards to due process and equal protection.

    Even if the commerce clause is not enough to support RICO action, the legislative intent is found in the **Congressional Statement of Findings and Purpose:**

> "Section 1. Congress finds that organized crime in the United States **is a highly** sophisticated ...widespread activity that drains billions of dollars from the American economy by unlawful conduct and the illegal use of force, fraud and corruption: (3) this money and power are increasingly used to...subvert and corrupt our democratic processes.
> (5) Organized crime continues to grow because remedies available to the government are unnecessarily limited in scope and impact. It is the purpose of this act to seek the eradication of organized crime in the United States..."

Rico Statute intends to name state officials in lawsuits "to bear the unlawful activities of those engaged in organized crime" **and** to use new tools including civil suits brought by victims **against state officials in district courts** when there is

1 | even circumstantial evidence that those officials have conspired to interfere with
2 | interstate commerce violating federal laws.

3 |     2. Page 2, line 8 refers to abusive pleadings but there is no reference to any
4 | pleading and Rule 11 bars unsubstantiated assertions of fact in motions. Heck V.
5 | Humphrey, a section 1983 case, doesn't prohibit this case.

6 |     3. Page 2, line 12, motion refers to "judge shopping." Again, the statement
7 | is unsubstantiated, the accusation is **False** and this is another violation of Rule 11.

8 |     4. The memorandum of points and authorities page 1 line 8 refers to the
9 | pleadings in the complaint as scurrilous. This is **False**. Scurrilous means abusive in
10 | a coarse or obscene manner, or low jocular derisive humor. (Webster's Unabridged
11 | Dictionary 2nd Ed. 2001). The pleadings contain lists of crimes perpetrated by the
12 | Continuing Criminal Enterprise (CCE). The language is taken directly from
13 | federal statutes. **FALSE** statements are in violation of Rule 11.

14 |     The same paragraph alleges that the current suit is a reaction to a loss in state
15 | court. This is **false**. The decision in state court is on appeal in state court. The
16 | pleadings make it clear that there is evidence of defendant's on going criminal
17 | activities outside of the courtroom, that other people have been harmed, and that the
18 | CCE's subversion of democratic processes allows it to infiltrate the state courts.

19 |     Page 1, line 18 "The writ appears to be premised on misconduct by plaintiff's
20 | attorneys..." But the next sentence quotes the writ "...Plaintiff sought dismissal of a
21 | misdemeanor charge based on false allegations of several conspirators..."
22 | Defendant knows the truth but feigns confusion in order to **misstate the facts**.
23 | This violates Rule 11. Also, line 15 states that the original complaint was 177
24 | pages. The complaint was 18 pages including points and authorities. There were
25 | 150 pages of evidence against the defendant submitted as exhibits. The defendant
26 | refers to an altercation. Evidence reveals that there was no altercation. (Exhibit 2).
27 | Most of the allegations involving the defendant in the current case refer to events
28 | transpiring after the first case was filed when other members of the CCE moved to

protect him. The pleadings refer to investigations of organized crime going back 40 years. The first and second cases are different. The current case is a concise RICO action but because wire fraud and computer hacking transcend national boundaries, USC 18 § 2332b is applicable. Attempting to impugn the integrity of the current case by re-litigating the first case is artifice.

The pleadings clearly state a claim on which relief can be granted. There is no judicial immunity in extrinsic fraud when the judge is a party to the fraud, and the pleadings are not abusive. "In determining motion to dismiss for failure to state claim upon which relief can be granted, court takes as true all factual allegations made in complaint, and construes all reasonable inferences in plaintiff's favor." [*Industrial Specialty Chemicals Inc. v. Cummins Engine Co., Inc.* N.D. Ill. 1995, 902 F. Supp. 805.]

## CONCLUSION

Defendant knows there is substantial evidence linking him to organized crime. He will do what ever it takes to keep that evidence away from a jury. The motion is fatally flawed for the following reasons:

1. It is filled with false, unsubstantiated statements. Misrepresentations of the previous case are meant to confuse readers.

2. The Federal Court has jurisdiction over individual state officials if they violate federal law harming businesses involved in interstate commerce. The RICO statutes give the district court jurisdiction over the subject matter and the person.

3. The current case is a separate entity involving different events and people in a different period of time. Those events and the relationship with those people occurred after the earlier case was filed. Motion to dismiss this case must confront law and merit of this case. And it does not.

4. USC 2332b is not mentioned.

The RICO statutes were designed to identify corrupt officials. The crimes they commit are shocking but listing those offenses ought not be offensive to the court.

1  An innocent judge would not resort to false statements and artifice. Innocent judges
2  don't file documents filled with false assertions and irrelevant citations. They don't
3  file notices that purport to inform the court of something it already knows, use that
4  document to name the judge they want and then falsely accuse the plaintiff of "judge
5  shopping". Innocent judges don't waste the court's time re-arguing a dismissed case
6  instead of confronting the issues of the current case. An innocent judge does not
7  engage in questionable legal tactics or consistently violate Rule 11.
8      Plaintiff offers Defendant's Notice of Relevant Case, Plaintiff's response to
9  that document, letter from defendant's attorney refusing to meet and confer, the
10 Motion to Dismiss and plaintiff's objection to this motion as evidence to make a
11 prima fascia case that plaintiff will prevail at trial. Respectfully, Defendant's
12 Motion to dismiss should be denied.

                        Respectfully submitted,

16   5/16/08                        Lantz Arnell, MD

# PROOF OF SERVICE—CIVIL

**POS-040**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Lantz Arnell<br>1516 Glorietta Blvd<br>Coronado, Ca 92118<br>TELEPHONE NO.: 619-435-4064   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 220 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, Ca. 92101
BRANCH NAME: Central Court House

PETITIONER/PLAINTIFF: Lantz Arnell
RESPONDENT/DEFENDANT: Judge William McAdam

**PROOF OF SERVICE—CIVIL**
Check method of service (only one):
- [X] By Personal Service
- [ ] By Mail
- [ ] By Overnight Delivery
- [ ] By Messenger Service
- [ ] By Facsimile
- [ ] By E-Mail/Electronic Transmission

CASE NUMBER: 08-CV-00441
JUDGE: BURNS
DEPT.: 9

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. At the time of service I was over 18 years of age and not a party to this action.

2. My address is (specify one):
   a. [ ] Business:
   b. [X] Residence: 416 B. Avenue Coronado ca 92118

3. On (date): 5/20/08   I served the following documents (specify):
   Notice of Opposition To DEFENDANT'S MOTION TO DISMISS.

   [ ] The documents are listed in the Attachment to Proof of Service—Civil (Documents Served) (form POS-040(D)).

4. I served the documents on the persons below, as follows:
   a. Name of person served:
   b. Address of person served: 220 W. Broadway
      San Diego, Ca. 92101 --Central Court House
   c. Fax number or e-mail address of person served, if service was by fax or e-mail:
   d. Time of service, if personal service was used:

   [ ] The names, addresses, and other applicable information about the persons served is on the Attachment to Proof of Service—Civil (Persons Served) (form POS-040(P)).

5. The documents were served by the following means (specify):
   a. [X] By personal service. I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

Form Approved for Optional Use
Judicial Council of California
POS-040 [New January 1, 2005]

**PROOF OF SERVICE—CIVIL**
(Proof of Service)

Code of Civ. Proc., §§ 1011, 1013, 1013a, 2015.5
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

DATE: May/20/08

SIGNED: [signature]