1 | LANTZ ARNELL, MD
2 | P.O. BOX 181583 Coronado, CA 92178
3 | Tel. (619) 435-4064

**FILED**
08 JUN -3 PM 1:22
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: ___ DEPUTY

**NUNC PRO TUNC**
MAY 2 8 2008

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

LANTZ ARNELL, MD

vs.

Judge W. McAdam
    Respondent

Case # '08 - CV- 00441 -LAB - RBB

Notice of Memorandum of Points And Authorities in Opposition to Judge McAdam's Motion to Dismiss.

Date:    June 16, 2008
Time:    11:15 a.m.
Room    9
Judge:    Honorable William Burns

    To Ms. Cheryl L Brierton, attorney for Judge William McAdam (herein after (defendant): PLEASE TAKE NOTICE that on June 16, 2008 at 11:15 a.m., in courtroom 9 on the 4th floor of the United States District Court for the Southern

1  District of California, located at 940 Front Street, San Diego California before the
2  Honorable Judge William Burns, plaintiff will oppose defendant's Motion to
3  Dismiss plaintiff's complaint (herein after motion) by oral presentation and the
4  filing of these and other papers on the grounds that the motion is fatally flawed.
5      1. Page 1, line 3. of defendant's Memorandum of points and authorities: "To
6  the extent plaintiff is claiming civil rights violations, his complaint is barred..." The
7  Supreme court has held "State officers may be personally liable for damages under
8  42 § 1983 based upon actions in their official capacities." [Hafer v. Melo 498
9  U.S.118 (1991)].   This is a RICO case to which U.S.C. 18 § 2332b may apply.
10     2. Page 1, line 5: "Plaintiff cannot demonstrate the invalidity of his
11 conviction." A plea bargain obtained by coercion and extrinsic fraud can be
12 overturned. However, the plea-bargain is not at issue. The allegations of
13 racketeering and the possibility of organized crime violations of section 2332b are
14 at issue. Appeals are still pending in state court on Lawrence v. Arnell.
15     3. The complaint alleges that each named defendant knowingly agreed to
16 conduct the affairs of an enterprise, that each agreed to the commission of at least 2
17 predicate acts and that they know that are part of a continuing racketeering activity
18 in part because they were trained as lawyers. [Schiffels v. Kemper Financial
19 Services, Inc., 978 F.2d 344 (7th Cir.1992) p. 345 #5]. The allegations are not
20 conclusory according to the RICO conspiracy statutes USC 18 § 1962c, and d. and
21 the requirements set forth in Schiffels v. Kemper (above).
22     4. The complaint is based on evidence of defendants' participation in a
23 continuing criminal enterprise, (herein after CCE). The previous case against this
24 defendant is only important because the complaint was 18 pages and there were 150
25 pages of evidence linking defendant to organized crime submitted as exhibits.
26 "District court's prior order dismissed case without prejudice...dismissal order was
27 final and could not be resurrected." [Lipman v. Dye, 294 F. 3d 17 (1st Cir. 2002)].
28

5. The pleadings state that a man from another city assaulted the plaintiff with a deadly weapon without saying a word and nothing was said to him. "At this stage, plaintiff's factual allegations are accepted as true and any ambiguities or doubts concerning the sufficiency of the claim must be resolved in favor of the pleader." [Doe v. United States Dept. Of Justice, 753 F. 2d 1092 (1985)].

6. All allegations against defendant's used federal statutory language. Scurrilous, [obscenely abusive (Webster's Unabridged Dictionary, second Ed. 2001)] language was not used.

7. The United States Supreme Court has affirmed that "(state) officers sued in their personal capacity come to the court as individuals..." [Hafer v. Melo (1991) (supra.)].

8. The cognizable legal theory is well stated. Defendants were and are continuing to function as central figures in a CCE which has harmed plaintiff's interstate business. Sufficiency of evidence is supplied by defendant's Exhibits A through C. for which defendant requested judicial notice. Those documents support plaintiff's allegations by showing that individuals named in the complaint did perform acts described in the complaint with exact dates, names and places of those acts. The inference is that they were acting in concert.

9. The allegation of "judge shopping" cannot apply to this case and was not raised in the previous case. Resurrection of the previous case for that purpose is forbidden by Lipman v. Dye (supra.).

10. Judicial Immunity does not preclude a RICO action. In Hafer v. Melo, (supra.), the United States Supreme Court held that "state officials (are not) absolutely immune from personal liability (under federal law) solely by virtue of the official nature of their acts." Rico gets its strength from the commerce clause of the United States Constitution. (Infra.) Even if Judicial immunity did apply, it would only apply to one decision made from the bench and not to defendant's association with organized crime since that decision as is alleged in the complaint.

11. Sovereign immunity and Rooker Feldman abstention do not apply when extrinsic fraud is alleged in a racketeering case.

    a. "Extrinsic fraud on a Court is, by definition, not an error by that court. It is, rather, a wrongful act committed by the party or parties who engaged in the fraud. Rooker Feldman does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgement obtained by that fraud." [KOUGASIAN v. TMSL, Inc., (9TH Cir. 2004) 359 F3d 1136,1141] No judicial immunity if judge is a party to the extrinsic fraud.

    b. The United States Constitution, article 1, section 8, paragraph 3 gives the federal government the exclusive authority to regulate interstate commerce. "Congress shall have the power...to regulate Commerce...among the several states." "Allegations... concerning bribery, extortion and macing by county and political party officials supported civil RICO claim." "...criminal proceedings were instituted against plaintiffs through defendant officials offers to benefit prosecutors' political careers..." [*Rose v. Bartle,* C.A. 3 (Pa.) 1989, 871 F. 2d 331]. The similarities of the current case with *Rose v. Bartle* show that this pattern of racketeering is not new or confined to California.

    c. "Plaintiff has standing to sue under RICO if complaint alleges injury to business or property proximately caused by overt act in furtherance of conspiracy to violate RICO, even though the overt act is not a predicate act *required* in RICO pattern." [Schiffels v. Kemper Financial Services, Inc., C.A. 7 (Ill.) 1992, 978 F. 2d 344].

    d. "Suits against state officers in their individual capacity for damages for violation of federal law are not deemed actions against the state and are not barred by (sovereign immunity)." [Scheuer v. Rhodes (1974) 416 US 232, 237, 94 S. Ct. 1683, 1687]. "(Sovereign immunity) is no bar to suit against individual state officers in federal court." **The court has jurisdiction over the person.** [*Hafer v.*

1  *Melo (1991)* 502 US 21, 31, 112 S. Ct. 358, 365] "Indemnification from the state
2  by itself is not enough to treat actions against state officials as actions against the
3  state." [*Ashker v. California* Dept. Of Corrections (9th Cir.1997) 112 F. 3d 392,
4  395.]

5      e. Section 5 of the 14th Amendment provides that "Congress shall have the
6  power to enforce, by appropriate legislation, the provisions of this article. This
7  provision abrogates the state's immunity from private suits in federal court to
8  enforce equal protection and due process. [*Fitzpatrick v. Bitzer (1976)* 427 US 455,
9  456, 96 S. Ct. 2666, 2671]. Extrinsic fraud denies plaintiff access to the courts and
10 Section 5 of the 14th Amendment is intended to supercede Sovereign immunity with
11 regards to due process and equal protection.

12     f. The legislative intent of RICO is found in the **Congressional Statement**
13 **of Findings and Purpose:**

14     "Section 1. Congress finds that organized crime in the United States **is a**
15     **highly** sophisticated ...widespread activity that drains billions of dollars from
16     the American economy by unlawful conduct and the illegal use of force,
17     fraud and corruption: (3) this money and power are increasingly used
18     to...subvert and corrupt our democratic processes. (5) Organized crime
19     continues to grow because remedies available to the government are
20     unnecessarily limited in scope and impact. It is the purpose of this act to seek
21     the eradication of organized crime in the United States..."

22 Rico Statute intends to name state officials in lawsuits "to bear" the unlawful
23 activities of those engaged in organized crime" **and** to use new tools including civil
24 suits brought by victims **against state officials in district courts** when there is
25 even circumstantial evidence that those officials have conspired to interfere with
26 interstate commerce by violating federal laws. CCE crimes are horrific and the
27 statutory language describing those crimes reflect the concern congress has that
28 those crimes be eliminated. Congressional intent is to show how a CCE finances

1  elected officials, including state judges, to protect its nefarious activities.

2      12. Heck V. Humphrey, a USC 42 section 1983 case, doesn't prohibit
3  RICO actions.

4      13. The current case is a concise RICO action but because wire fraud and
5  computer hacking transcend national boundaries, USC 18 § 2332b is applicable.
6  "A plaintiff may present hypothetical facts supportable by complaint to establish its
7  sufficiency in face of motion to dismiss..." [Fairmont Homes Inc. v. Shred Pax
8  Corp. N.D. Ind.1990, 754 F. Supp. 665].

## SUMMARY

The pleadings clearly state a claim on which relief can be granted. There is no judicial immunity in extrinsic fraud when the judge is a party to the fraud, and the pleadings are not abusive or irrelevant. Impertinent means irrelevant [Black's Law Dictionary (supra.)]. "In determining motion to dismiss for failure to state claim upon which relief can be granted, court takes as true all factual allegations made in complaint, and construes all reasonable inferences in plaintiff's favor." [*Industrial Specialty Chemicals Inc. v. Cummins Engine Co., Inc.* N.D. Ill. 1995, 902 F. Supp. 805.].

## CONCLUSION

The motion is fatally flawed for the following reasons:

1. The motion focuses on the wrong case. The previous case against this defendant has been dismissed. The current case is the only case at issue in a motion to dismiss and the current case is based on the RICO statutes which were scarcely addressed and 18 § 2332b which was not mentioned in the motion.

2. The defendant and many other people in the legal community are indignant when a superior court judge is accused of racketeering. The fatal flaw of the motion is that it embraces these emotions, referring to the allegations as "scurrilous" etc. It should have been based on the law.

3. Defendant's decision to question plaintiff's motives, refusing to meet and

confer even over the phone and avoiding the legal issues raised in the complaint strengthens plaintiff's case. U.S. Supreme Court Justice O'Connor writes "Since *Ex parte Young*, 209 U.S. 123 (1908) we said it has been settled that the 11th Amendment provides no shield for a state official confronted by a claim that he had deprived another of a federal right under the color of state law." [Hafer v. Melo (supra.)].

Evidence proffered by defendant shows that a U.S. businessman was denied a fair hearing on the merits in state courts. This can't happen unless organized crime

a. targeted plaintiff's business, and

b. infiltrated the state judiciary.

Granting defendant's motion to dismiss denies plaintiff a fair trial on the merits in federal court.

Respectfully, plaintiff requests defendant's motion to dismiss be denied.

Respectfully submitted,

5/28/08

Lantz Arnell, MD

| | POS-040 |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Lantz Arnell<br>1516 Glorietta Blvd<br>Coronado, Ca 92118<br>TELEPHONE NO.: 619-435-4064   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FOR COURT USE ONLY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego<br>STREET ADDRESS: 220 W. Broadway<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Diego, Ca. 92101<br>BRANCH NAME: Central Court House | |
| PETITIONER/PLAINTIFF: Lantz Arnell<br>RESPONDENT/DEFENDANT: Judge William McAdam | |
| PROOF OF SERVICE—CIVIL<br>Check method of service (only one):<br>[X] By Personal Service  [ ] By Mail  [ ] By Overnight Delivery<br>[ ] By Messenger Service  [ ] By Facsimile  [ ] By E-Mail/Electronic Transmission | CASE NUMBER:<br>08-CV-00441<br>JUDGE: BURNS<br>DEPT.: 9 |

(Do not use this Proof of Service to show service of a Summons and Complaint.)

1. At the time of service I was over 18 years of age and not a party to this action.

2. My address is (specify one):
   a. [ ] Business:
   b. [X] Residence: 416 B. Avenue Coronado Ca 92118

3. On (date): 5/29/08    I served the following documents (specify):
   Notice of Opposition To DEFENDANT'S MOTION TO DISMISS MEMORANDUM OF POINTS AND AUTHORITY

   [ ] The documents are listed in the Attachment to Proof of Service—Civil (Documents Served) (form POS-040(D)).

4. I served the documents on the persons below, as follows:
   a. Name of person served: Monica 1:30pm
   b. Address of person served: 220 W. Broadway San Diego, Ca. 92101 --Central Court House
   c. Fax number or e-mail address of person served, if service was by fax or e-mail:
   d. Time of service, if personal service was used:

   [ ] The names, addresses, and other applicable information about the persons served is on the Attachment to Proof of Service—Civil (Persons Served) (form POS-040(P)).

5. The documents were served by the following means (specify):
   a. [X] By personal service. I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

Form Approved for Optional Use<br>Judicial Council of California<br>POS-040 [New January 1, 2005]

PROOF OF SERVICE—CIVIL<br>(Proof of Service)

Code of Civ. Proc., §§ 1011,<br>1013, 1013a, 2015.5<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.USCourtForms.com

DATE<br>May/29/08

SIGNED<br>[signature]