DARLENE A. DORNAN, Court Counsel (State Bar No. 182228)
Superior Court of California, County of San Diego
By CHERYL L. BRIERTON, Litigation Attorney (State Bar No. 108242)
220 West Broadway
San Diego, California  92101
Telephone: (619) 531-3036 [(619) 450-5356 effective June 16, 2008]
Facsimile: (619) 685-6606 [(619) 450-5684 effective June 16, 2008]

Attorneys for Defendant, The Honorable William McAdam, Judge of the Superior Court
of California, County of San Diego

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANTZ E. ARNELL,<br><br>            Plaintiff,<br><br>v.<br><br>JACK LIEB ESQ. AND ASSOC, JUDGE W. MCADAM, ET AL.,<br><br>            Defendants. | Case No.: 08-CV-00441 LAB (RBB)<br><br>DEFENDANT JUDGE MCADAM'S REPLY ON MOTION TO DISMISS WITH PREJUDICE<br><br>**[No Oral Argument Requested]**<br><br>Date:  June 16, 2008<br>Time:  11:15 a.m.<br>Crtrm: 9 (2nd Floor)<br>Judge: The Honorable Larry Alan Burns |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

REPLY ON MOTION TO DISMISS - 1

# I.
# ARGUMENT

Defendant, the Honorable William McAdam ("Judge McAdam"), Judge of the Superior Court of California, County of San Diego ("California Court"), has moved this Court to dismiss the complaint, with prejudice, on grounds that Plaintiff's complaint is barred by state sovereign immunity, judicial immunity, and abstention doctrines, and that Plaintiff cannot demonstrate the invalidity of his conviction, as required by *Heck v. Humphrey*, 512 U.S. 477, 481-482 [114 S. Ct. 2364, 129 L. Ed. 2d 383] (1994). Judge McAdam also asserts that Plaintiff cannot state a claim for conspiracy by the mere use of conclusory and scurrilous allegations,[1] when facts subject to judicial notice demonstrate that Plaintiff is suing Judge McAdam based solely on Plaintiff's dissatisfaction with underlying proceedings in the California Court.[2] Accordingly, Judge McAdam argues that this court should exercise its inherent power to dismiss abusive pleadings, and to dismiss the case based on Plaintiff's judge-shopping.

In Plaintiff's Amended Response in Opposition to Motion to Dismiss filed pursuant to this Court's Order dated June, 2, 2008, Plaintiff confirmed the true nature of this suit: "Evidence proffered by defendant shows that a U.S. businessman was denied a

---

[1] Plaintiff is pleading a conspiracy between Judge McAdam and Jack Lieb, Plaintiff's opposing counsel in the state civil case at trial and on appeal (dismissed March 28, 2007). A sampling of Plaintiff's scurrilous allegations include: "murder, murder for hire, arson, identity theft, computer hacking, wire fraud, white slavery, kidnapping, staged traffic accidents, jury tampering, election fraud & intimidation at polling places, corruption of public officials, financing of street gangs, insurance fraud, perpetuation of religious intolerance", and racketeering. (Complaint, 3:13-4:3.)

[2] On April 24, 2007, Plaintiff also filed a 177-page Complaint in *Lantz Arnell v. Judge W. McAdam*, Case No. 07cv0743-LAB (RBB), based on Plaintiff's dissatisfaction with Judge McAdam's denial of Plaintiff's writ of coram nobis relating to Plaintiff's state misdemeanor case(s) in the California Court, initially arising from a neighborhood altercation. On August 13, 2007, The Honorable Larry Alan Burns imposed sanctions of $3,500 on Plaintiff, and denied the California State Judicial Branch Defendants' motion to dismiss as moot, based on Plaintiff's dismissal filed August 9, 2007.

fair hearing on the merits in state courts. This can't happen unless organized crime [P] a. targeted plaintiff's business, and [P] b. infiltrated the state judiciary."[3]

This rampant speculation confirms that the complaint should be dismissed with prejudice, for all the reasons set forth in the moving papers. Judges make multiple rulings on a daily basis: one party wins, the other loses. If the mere fact a ruling is adverse to one party could give rise to an inference of racketeering, every ruling by every judge could give rise to a federal lawsuit, eviscerating the doctrine of judicial immunity. See e.g., *Franklin v. Terr*, 201 F.3d 1098, 1102 (9th Cir. 2000) [RICO was not intended to circumvent judicial immunity even when the allegations involve general allegations of conspiracy]; *McNeill v. Town of Paradise Valley*, 44 Fed. Appx. 871 (9th Cir. 2002) [dismissing RICO allegations based on judicial immunity], *cert. den*. 540 U.S. 874 (2003).

A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. __ [127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929] (2007). The factual allegations must be definite enough to "raise a right to relief above the speculative level." *Id.* at 1965. The pleadings must contain factual allegations "plausibly suggesting (not merely consistent with)" a right to relief. *Id*. at 1965 (noting that this requirement is consistent with Fed. R. Civ. P. 8(a)(2), which requires that the pleadings demonstrate that "the pleader is entitled to relief'). "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id*. at 1974. The claim here is not plausible on its face.

Absent some facts beyond the asserted speculation in this case, the purpose of a ruling denying a state court petition for writ of coram nobis has nothing to do with

---

[3] Amended Response in Opposition to Motion to Dismiss filed on May 28, 2008, pursuant to this Court's Order dated June 2, 2008, page 7:7-8.

promoting organized crime, but rather, with deciding the legal merits of the issue presented to the court. See by analogy, *Regalado Cuellar v. United States*, No. 06-1456, __U.S.__, 2008 U.S. LEXIS 4698, P*25-26, 2008 WL 2229165 (U.S. June 2, 2008) ["when an act is "designed to" do something, the most natural reading is that it has that something as its purpose"]; *United States v. Santos*, No. 06-1005, __U.S.__, 2008 U.S. LEXIS 4699, p*14, 2008 WL 2229212 (U.S. June 2, 2008) ["no citizen should be held accountable for a violation of a statute whose commands are uncertain, or subjected to punishment that is not clearly prescribed"].

Plaintiff also argues, citing *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004), that his action is not barred by *Rooker-Feldman* abstention doctrine, because he has somehow alleged extrinsic fraud. Again, Plaintiff has not alleged any facts to support extrinsic fraud, much less met the heightened pleading requirements for fraud. See, Fed. R. Civ. P. 9(b); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004).

Plaintiff's reasoning would swallow the doctrine of judicial immunity. It is simply not the law. Absolute immunity extends to judges carrying out their judicial functions, "whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 [102 S. Ct. 2727, 73 L. Ed. 2d 396] (1982).

Similarly, Plaintiff would swallow the doctrine of sovereign immunity, by claiming he is suing Judge McAdam in his individual capacity. However, it is apparent, under the "course of proceedings" test, that Plaintiff is suing Judge McAdam based on his rulings as a state trial court judge.[4]

---

[4] Under the "course of proceedings test" applied in most circuits, including the Ninth, courts are not limited by the presence or absence of language identifying capacity to suit on the face of the complaint alone. *Powell v. Alexander*, 391 F.3d 1, 22, fn 25 (1st Cir. 2004), citing *Price v. Akaka*, 928 F.2d 824, 828 (9th Cir. 1990). Rather, courts may examine "the substance of the pleadings and the course of proceedings in order to determine whether the suit is for individual or official liability." *Ibid*. Factors relevant to this analysis include the nature of the plaintiff's claims and the nature of any defenses raised in response to the complaint, particularly claims of immunity. *Ibid*.

## II.

## CONCLUSION

For the reasons stated, Defendant Judge McAdam prays that the instant action be dismissed with prejudice, and judgment entered in his favor.

Respectfully submitted,

DARLENE A. DORNAN, Court Counsel
Superior Court of California, County of San Diego

DATED:

June 6, 2008

By: ____s/ Cheryl L. Brierton_____
CHERYL L. BRIERTON, Litigation Attorney
Attorney for Defendant, The Honorable William McAdam, Judge of the Superior Court of California, County of San Diego

DARLENE A. DORNAN, Court Counsel (State Bar No. 182228)
Superior Court of California, County of San Diego
By CHERYL L. BRIERTON, Litigation Attorney (State Bar No. 108242)
220 West Broadway
San Diego, California 92101
Telephone: (619) 531-3036 [(619) 450-5356 effective June 16, 2008]
Facsimile: (619) 685-6606 [(619) 450-5684 effective June 16, 2008]

Attorneys for Defendant, The Honorable William McAdam, Judge of the Superior Court
of California, County of San Diego

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANTZ E. ARNELL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JACK LIEB ESQ. AND ASSOC., JUDGE W. MCADAM, ET AL.,<br><br>　　　　Defendants. | Case No. 08-CV-00441 LAB (RBB)<br><br>**PROOF OF SERVICE**<br><br>[Local Rules 5.3, 5.4(c)] |

　　　I, PUI TSANG, declare that: I am over the age of eighteen years and not a party to the above-referenced case; I am employed in, or am a resident of, the County of San Diego, California where the mailing occurs; and my business address is: 220 W. Broadway, San Diego, California.

　　　I further declare that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business.

　　　On June 6, 2008, I served the following document(s): **DEFENDANT JUDGE MCADAM'S REPLY ON MOTION TO DISMISS WITH PREJUDICE** by placing a

PROOF OF SERVICE - 1

1 true copy of each document in a separate envelope addressed to each addressee,
2 respectively, as follows:

3 **Lantz Arnell**
4 PO Box 181583
  Coronado, CA 92178
5

6 I then sealed each envelope and deposited said envelope(s) in the U.S. Postal Pick
7 up box, this same day, at my business address shown above, following ordinary business
8 practices.

9 I declare under penalty of perjury under the laws of the State of California that the
10 foregoing is true and correct.

11

12 Executed on June 6, 2008

13                                                  PUI TSANG