1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11  LANTZ ARNELL,                    )  Civil No. 08cv0441-LAB (RBB)
                                     )
12              Plaintiff,           )  **ORDER DENYING MOTION FOR**
                                     )  **RECONSIDERATION OF DENIAL OF**
13  v.                               )  **PLAINTIFF'S REQUEST FOR COURT**
                                     )  **ORDER FOR BANK'S SURVEILLANCE**
14  JACK LIEB ESQ. & ASSOC.; JUDGE   )  **RECORDS [DOC. NO. 25]**
    WILLIAM MCADAM,                  )
15                                   )
                Defendants.          )
16  _____ )

17

18      Plaintiff Lantz Arnell submitted a Request for Court Order for

19  Bank's Surveillance Records and Request for Enlargement of Time to

20  Serve Jack Lieb [doc. no. 21], which was filed <u>nunc pro tunc</u> to

21  July 7, 2008.  The Court denied Plaintiff's Request on July 17,

22  2008, finding the bank surveillance records were not relevant to

23  the issues in this case and would not assist Arnell in locating

24  Defendant Lieb for service of process.  (Order Denying Req. for

25  Bank Surveillance Records [doc. no. 22] 2.)  Plaintiff subsequently

26  submitted a Motion for Reconsideration [doc. no. 25], which was

27  filed <u>nunc pro tunc</u> to July 28, 2008.  The Court directed

28  Defendants to file any opposition to the Motion by August 8, 2008,

1  but to date no opposition has been filed.  (Mins. Aug. 1, 2008
2  [doc. no. 26].)

3      In the Ninth Circuit, a motion for reconsideration has two
4  parts:  "First, a motion for reconsideration must demonstrate
5  reasons why the court should reconsider its prior decision.
6  Second, a motion of reconsideration must set forth facts or law of
7  a strongly convincing nature to induce the court to reverse its
8  prior decision."  <u>Donaldson v. Liberty Mut. Ins. Co.</u>, 947 F. Supp.
9  429, 430 (D. Haw. 1996).  "Motions for reconsideration should be
10  granted sparingly because of the interests in finality and
11  conservation of scarce judicial resources."  <u>Pennsylvania Ins.</u>
12  <u>Guaranty Assoc. v. Trabosh</u>, 812 F. Supp. 522, 524 (E.D. Pa. 1992).

13      "Mere disagreement with a previous order is an insufficient
14  basis for reconsideration."  <u>Hawaii Stevedores, Inc. v. HT&T Co.</u>,
15  363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).  Further, "[a] motion
16  for reconsideration should not be used to ask the court 'to rethink
17  what the court has already thought through -- rightly or wrongly.'"
18  <u>United States v. Rezzonico</u>, 32 F. Supp. 2d 1112, 1116 (D. Ariz.
19  1998) (quoting <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>,
20  99 F.R.D. 99, 101 (E.D. Va. 1983)).  But, "if the court has made an
21  apparent error of law . . . [it] has the power under Rule 60(b)(1)
22  to grant relief from that error."  <u>Id.</u> (citing <u>Liberty Mut. Ins.</u>
23  <u>Co. v. E.E.O.C.</u>, 691 F.2d 438, 440 (9th Cir. 1982)).

24      Plaintiff asks the Court to reconsider it's Order pursuant to
25  Federal Rule of Civil Procedure 60(b)(1), which provides for
26  reconsideration in cases of "mistake, inadvertence, surprise, or
27  excusable neglect . . . ."  Fed. R. Civ. P. 60(b)(1); (Pl.'s Mem.
28  P. & A. Supp. Mot. for Recons. 1).  This rule allows a judge to

reconsider a prior ruling "where the judge has made a substantive mistake of law or fact in the final judgment or order." <u>Cashner v. Freedom Stores, Inc.</u>, 98 F.3d 572, 576 (10th Cir. 1996); <u>see also Kingvision Pay-Per-View v. Lake Alice Bar</u>, 168 F.3d 347, 350 (9th Cir. 1999) (stating that a court can correct its own mistakes via Rule 60(b)(1)). Arnell asserts that the Court erred because its Order was "a manifest showing of a failure to consider the material facts." (Mot. for Recons. 1-2.) He argues the Court was incorrect in finding the bank surveillance videotapes are not relevant to the claims presented in Arnell's Complaint because the tapes are evidence of identity theft and fraud, which are the same types of claims made in the Complaint. (<u>Id.</u> at 2.)

Plaintiff's disagreement with the Court's prior order is not a sufficient basis for reconsideration. <u>See Leong v. Hilton Hotels Corp.</u>, 689 F. Supp. 1572, 1573 (D. Haw. 1988) Arnell does not point to any clear errors of substantive law that would warrant reconsideration, instead pointing only to his disagreement with the Court's conclusion that the bank surveillance records are not relevant. <u>See Van Skiver v. United States</u>, 952 F.2d 1241, 1244 (10th Cir. 1991) (citations omitted) (stating that Rule 60(b)(1) provides an avenue for relief based on mistake of law only where the court commits "obvious errors of law, apparent on the record[]"). Accordingly, reconsideration of the Court's Order is not appropriate.

The Court also notes that even if it were to reconsider its prior ruling, Plaintiff has not produced "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." <u>Donaldson</u>, 947 F. Supp. at 430. The Court is still of

1   the opinion that bank surveillance tapes which may show the image

2   of an individual who Plaintiff believes to be impersonating a

3   Defendant in this action are not reasonably related to the claims

4   in the Complaint.  Accordingly, Plaintiff's Motion for

5   Reconsideration is **DENIED.**

6        **IT IS SO ORDERED.**

7

8   DATED:  August 18, 2008
                                    Ruben B. Brooks
9                                   United States Magistrate Judge

10  cc:  Judge Burns
         All Parties of Record

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28