# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANTZ E. ARNELL,<br><br>                             Plaintiff,<br>vs.<br><br>JACK LIEB, ESQ. & ASSOCIATES,<br>JUDGE WILLIAM McADAM<br>                            Defendants. | CASE NO. 08cv441-LAB (RBB)<br><br>**ORDER DENYING MOTION TO ENLARGE TIME FOR SERVICE OF PROCESS; AND**<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL** |

      The Court's order issued August 20, 2008 (Docket no. 28) is hereby **WITHDRAWN** and this amended order is substituted in its place. The Clerk shall remove the order issued August 20 from the docket.

      On July 15, 2008, Plaintiff filed an *ex parte* application ("Application") in which he requested an order permitting him to view bank surveillance records, as well as an enlargement of time in which to serve Defendant Lieb[1] with process. The motion was filed

---

[1] The Complaint is unclear as to whether Plaintiff is suing Jack Lieb personally or his firm. The caption names "Jack Lieb Esq. & Ass." [sic], and defines "Lieb" as Jack Lieb & Associates, a law firm in which Jack Lieb and R. Fahey practice. (Compl., ¶ 2.) Throughout the remainder of the Complaint, however, the allegations refer to "Lieb" as an individual. (*See, e.g., id.* at 5:1–2 (". . . Lieb paid an associate to represent him . . . ."), 7:2–4 (". . . Lieb used money . . . to bribe the plaintiff's attorneys to help him win a default judgment."), 7:5 ("Lieb paid an associate to protect him . . . .")) This order will refer to this Defendant as "Lieb." For reasons set forth in this order, however, whether Plaintiff is suing Jack Lieb individually, or Jack Lieb's law firm, or both, he has failed to serve either.

*nunc pro tunc* to July 7, 2008. On July 17, 2008, in a separate order, Magistrate Judge Ruben B. Brooks denied Plaintiff's discovery request to obtain bank surveillance tape. Plaintiff sought reconsideration of his request, which Judge Brooks denied by an order issued August 18.

If a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action. Fed. R. Civ. P. 4(m). But if the plaintiff shows good cause for the failure, the court must extend the time for service. *Id.* The 120 day period expired on July 8, 2008.

Plaintiff has alleged Jack Lieb is a lawyer practicing in San Diego County, and has identified R. Fahey as another member of his firm. (Compl. ¶ 2.) In the Application, Plaintiff says he has been trying to locate Defendant Jack Lieb to serve process on him in person but has been unable to find him. (Application at 2:3–4.) Plaintiff says a man claiming to be Jack Lieb contacted Plaintiff saying he read the complaint on the internet and would accept service. (*Id.* at 4–5.) He says a man purporting to be Jack Lieb, but who was not, showed up on March 19, 2008 at a Washington Mutual Bank to accept service. Plaintiff says he has been involved in "[w]eeks of discussions involving local and corporate bank officers" attempting to persuade the bank to release their surveillance tapes to him, after which he contacted the local FBI. (*Id.* at 2:9–10.)

Plaintiff has failed to show he was diligent in attempting to serve the Jack Lieb or his firm. Plaintiff has broadly stated he has been unable to find Jack Lieb, but provided no details showing what efforts he made to find and serve Defendant. The only details he provides concern the incident at the Washington Mutual Bank followed by what he describes as weeks of discussions with bank officials over surveillance tapes. Plaintiff gives an incomplete picture of the events that unfolded at the bank. Plaintiff says the man appeared at the bank sometime between 1:05 p.m. and 2:00 p.m. He fails to mention how he knew the man who appeared was not Jack Lieb, and never says he ever spoke to or even saw the man. He also failed to mention the presence of any process server or anyone else who could have effected service. *See* Fed. R. Civ. P. 4(c)(2). If Plaintiff himself was attempting to serve process, service would have been defective; for obvious reasons, the Federal Rules

of Civil Procedure do not require unsupervised face-to-face meetings between litigants when serving process.

Plaintiff surmises the man who appeared at the bank has stolen Jack Lieb's identity and is impersonating him. He says he repeatedly asked bank officers to provide him with the surveillance tape and they have repeatedly refused. He says he needed to view the bank's tape to determine who this man was and report him to the FBI. But Plaintiff says he has already reported this incident to the FBI. It is thus the FBI's decision what, if any, further investigation is warranted.

Furthermore, the identity of the man who appeared in the bank is beside the point. Plaintiff's responsibility under Rule 4(m) was to serve each Defendant with process no later than 120 days after the Complaint was filed. He has failed to do this. The fact that someone called Plaintiff agreeing to accept service, and the fact that an unknown man appeared at the bank several months ago did not cause Plaintiff's failure to serve, and no amount of investigation into this man's identity will bring about service of process on the real Jack Lieb and/or his firm.

Plaintiff broadly alleges an ongoing conspiracy to defraud the Court regarding service of process. Apparently he is referring to fraud by one of the Defendants or one or more of their alleged accomplices, or Washington Mutual Bank. But there is no evidence or even allegations to show the Law Firm or attorneys Jack Lieb or R. Fahey are avoiding service of process at all, much less doing so fraudulently. They may well be avoiding personal contact with Plaintiff, but that is not the same thing. Washington Mutual Bank has no responsibility to provide Plaintiff with surveillance tapes or otherwise assist him with service of process, and its officers' understandable reluctance to provide him with the tape (even assuming the March 19 tape still exists) has not interfered with his serving Defendants. As Judge Brooks' two orders point out, there is no reason to think the tapes are necessary to locate Defendants, or that they would even be of any help at all.

Because Plaintiff has not shown good cause, the motion for an enlargement of time to serve is **DENIED**. No later than the close of business **10 calendar days from the date**

**this order is issued**, Plaintiff is **ORDERED** to show cause why his remaining claims should not be dismissed without prejudice under Fed. R. Civ. P. 4(m) for failure to timely serve process. He may do so by filing a memorandum of points and authorities, supported by a declaration under penalty of perjury.  The memorandum of points and authorities must not exceed three pages in length, not counting any appended or lodged material.  **Any attempted filing over that length or not in compliance with Civil Local Rule 5.1 may be rejected.**  Plaintiff is advised that, because the time for service has already passed, future attempts at service, even if successful, will not constitute good cause.

If Plaintiff fails to show cause as ordered within the time permitted, claims **against Defendant Jack Lieb Esq. and Associates, will be dismissed without prejudice without further notice to Plaintiff.**

**IT IS SO ORDERED**.

DATED: August 21, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge