1  Lantz Arnell
2  1516 Glorietta Blvd.
3  Coronado, CA 92118
4  (619) 435-4064

FILED
2008 AUG 22 PM 3:54
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANTZ E. ARNELL<br>　　　Plaintiff<br><br>v.<br><br><br>JACK LIEB, ESQ., AND ASSOC.,<br>JUDGE W. MCADAM, ET AL.<br>　　　Defendants | Case No. 08-cv-00441-(LAB)(RBB)<br><br>NOTICE of Motion for Discovery Conference. Points and Authorities<br><br><br><br>Date:　　Sept. 29, 2008<br>Time:　　10:00 AM.<br>Court Rm.　B (1st floor)<br>Judge:　　Honorable Ruben B. Brooks |

To CHERYL BRIERTON, attorney for Judge William McAdam.

　　PLEASE TAKE NOTICE that pursuant to FRCP Rule 26(f), plaintiff will move this court to hold a discovery conference on Monday, September 29, 2008 at 10:00 AM before the Honorable Rubin B. Brooks in Court room B, first floor of

1

CR - ok per Chambers

the Federal building located at 940 Front Street San Diego, CA, 92101 Plaintiff will submit the following discovery plan.

1. Issues at present time:
    A. There is evidence that racketeering as described in the complaint is ongoing and because of this we have been unable to serve Jack Lieb.
    B. Issues are unresolved, in part, because defendant's counsel has been unwilling to meet and confer.
    C. Defendant, Judge McAdam, has not denied that he is involved in racketeering, organized crime or any other illegal activity. He has not denied that he has used his office to promote the activities of a continuing criminal enterprise.

2. Information sought:
    A. Evidence tying Judge McAdam and others to racketeering activity as described in the complaint.
    B. Identification of the "kingpins" who direct the activities of the continuing criminal enterprise, (CCE), described in the complaint.
    C. Identification of those who aid and abet others involved in racketeering and organized crime which threatens the security of the United States of America.
    D. Identification of other victims of racketeering activity as described in the complaint.
    E. Evidence that the CCE described in the complaint employs criminal activity that transcends national boundaries.

3. Method and intended schedule of discovery:
    A. Obtain Court records which will show that defendant has used his

2

position to influence clerks and other court personnel in furtherance of CCE objectives.

B. Obtain Medical records to identify other victims of racketeering activity and document ongoing patterns of identity theft.

C. Obtain phone records demonstrating the use of telephone lines to commit crimes of the CCE.

D. Submit interrogatories and requests for admissions to establish background and contacts of defendants at meetings concerning specific hearings or litigation concerning the allegations in this complaint. Interrogatories concerning "political" contributions and whether those contributions received or given were coerced.

E. Depositions of named parties to the action and un-named parties who can provide information to prove plaintiff's case.

F. Scheduling: Interrogatories and requests for records should be sent as soon as possible. Some depositions of third parties and witnesses can begin concurrently. Other depositions will follow evaluation of records and interrogatories.

4. Limitations: The discovery should not invade recognized privileged information.

5. Other: Plaintiff reserves the right to amend original complaint.

6. Statement of attempts to meet and confer with opposing counsel: Plaintiff has attempted to meet and confer with opposing counsel and they have refused. (See Exhibits 1 and 2.)

## Points and Authorities

"District Court...cannot...undercut rule mandating holding of discovery conference upon proper motion by party..." [Union City Barge Line Inc., v. Union

3

Carbide Corp., C.A. 5 (Tex.) 1987, 823 F. 2d 129].

"Discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." [Oppenheimer Funds Inc. v. Sanders, N.Y., 1978, 98 S. Ct. 2380, 57 L. Ed. 2d 253]. "Free access to facts is essential consideration in dealing with discovery process." [*Jackson v. Kroblin Refrigerated Xpress, Inc.*, D.C.W.Va 1970 49 FRD . 134]. USC 18 § 2339A(a): "Whoever, within the United States, provides material support or conceals or disguises the nature of material support (to protect those who violate § 2332b is guilty) under this title..." USC 18 § 2339A(b) : "...material support or resources means...false documentation or identification...transportation and other physical assets..."

"If defendant engages in a pattern of racketeering activity..and the racketeering activity injured the plaintiff in his business or property, the plaintiff has a private claim for treble damages." [Sedima S.P.R.L. v. Imrex Co., Inc., U.S.N.Y. 1985, 105 S. Ct. 3275, 87 L. Ed. 2d. 346]. "Allegations against county employees...sufficiently alleged racketeering activity to support civil RICO claim; (plaintiffs) alleged that criminal proceedings were instituted against them (because) defendants offered to benefit prosecutor's political careers as well as through threats to those careers." [ Rose v. Bartle C.A. 3 (Pa.) 1989, 871 F. 2d 331]. In order to show civil liability for aiding and abetting in a RICO action, "plaintiff must show that defendant was generally aware of it's role as part of an overall improper activity..." [Cox v. Administrator U. S. Steel (et al.) C.A. 11(Ala.) 1994, 17 F. 3d 1386].

## CONCLUSION

The law and the precedents are clear. "At any time after the commencement of an action, the Court may direct...the parties to appear before it for a conference

4

1  on the subject of discovery.  The Court <u>shall</u> do so on motion (by any)  party..."
2  [FRCP Rule 26(f)].

3                              Respectfully submitted by Lantz Arnell, MD

4  8/22/08

5                              _____