1  Lantz Arnell
2  1516 Glorietta Blvd.
3  Coronado, CA 92118
4  (619) 435-4064

FILED
2008 SEP -2  AM 10: 59
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANTZ E. ARNELL<br>Plaintiff<br><br>V.<br><br>JACK LIEB, ESQ., AND ASSOC.,<br>JUDGE W. MCADAM, ET AL.<br>Defendants | Case No. 08-cv-00441-(LAB)(RBB)<br><br>Plaintiff's Memorandum of Points and Authorities in Opposition to Order denying Enlargement of time for service and Order for dismissal. |

Ruling to dismiss claims against Jack Lieb is **contrary to the facts, law, legislative intent,** legal **precedents** and **public policy**. The Court's grounds for dismissal: "...there is no evidence or even allegations to show Jack Lieb, (Lieb) is avoiding, (evading) service of process." "(Therefore) Plaintiff has not shown good cause..." (page 3, line 18-20 and page 3, line 22).

{All page (p) and line numbers refer to 'Order Show Cause RE: Dismissal', filed 8/22/08}

A. Court's recitation of facts: "Plaintiff...alleges an on going conspiracy (by Jack Lieb and others) to defraud the court regarding service of process." (p. 3, lines 16-17). Plaintiff describes the details of that scheme and what he has done to circumvent that scheme. (p. 2, lines 11-17). Plaintiff states that bank's video surveillance records are evidence of this scheme and plaintiff has diligently attempted to get that evidence and timely filed for enhancement.(p. 1, line 21 to p. 2, line 4.). The person impersonating Lieb knows where Lieb can be found and served. The bank's video tape can identify that person and also demonstrate that there were people in the bank who would have served Lieb. Plaintiff asked for hearings on his

1

# TABLE OF AUTHORITIES

| AUTHORITIES | Page |
|---|---|
| *Baltrunas v. Sheahan, et. al., 161 F.R.D. 56 (N.D. Ill. 1995)* | 2 |
| *Commonwealth* of Pennsylvania et. al. v. Flaherty, 40 F. 3d 57 (3rd Cir. 1994) | 3 |
| *Douglas v. N.C.N.B. TEXAS National Bank*, C.A. 5 (Tex. 1992), 979 F. 2d. . 1128 | 2 |
| *Defrancis v. Bush*, 859 F. Supp. 1022 (E.D. Tex. 1994) | 2 |
| *Foman v. Davis*, 371 U.S. 178 (1962) | 3 |
| *Friends of the Earth v. Carey*, C.A.N.Y. (1976), 535 F.2d. 165 | 2 |
| *Hazel Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238, 64 S. Ct. 997 | 3 |
| *Hibernia National Bank v. Carner*, 758 F. Supp. 382 (M.D. La. 1991) | 2 |
| *Monarch Ins. Co. Of Ohio v. Spach*, C.A. 5 (Fla. 1969) 281 F. 2d. 401 | 2 |
| *Ruiz Varela v. Sanchez Velez, et al.*, 814 F.2d. 821 (1st. Cir. 1987) | 2 |
| *Schlagenhauf v. Holder*, 379 U.S. 104 (1964) | 3 |
| *U.S. v. Ayer*, 857 F. 2d. 881 (1st Cir. 1988) | 2 |
| *U.S. v. Tobins, et al.*, 483 F. Supp. 2d. 68 (D. Mass. 2007) | 2 |

1  request for court order, enhancement of time and motion for reconsideration. Those
2  hearings were denied. The bank and the FBI require a court order to act. (See Plaintiff's
3  Affidavit in support of this response, Exhibit 1)
4      Summary: The court acknowledges the following facts: a) Plaintiff made allegations that Lieb
5      is using a scheme to evade service and defined that scheme in detail. b) Plaintiff attempted to
6      have Lieb served and there is evidence to prove it. c) Plaintiff has diligently attempted to
7      serve Lieb, sought evidence to prove that Lieb was evading service, and sought help from
8      bank officials, the FBI and the Court to help him obtain the information he needs to find Lieb
9      and have him served. **The Ruling is NOT CONSISTENT WITH THE FACTS.**
10  B. The LAW: FRCP Rule 4:"...if plaintiff shows Good Cause for failure (to serve), the Court
11  must extend the time for service..." Rule 26: "Parties may obtain discovery regarding any matter
12  which is relevant to party's claim...including...the identity and location of persons who know of
13  discoverable matter." 28 USCS § 2072: "Supreme Court...prescribe(s) (FRCP) (which) shall not
14  abridge any substantive right."
15  C. Legislative intent: "The defendant's 'evasion' of service is cited in 1983 legislative notes
16  (footnote 25) as 'good cause' for a time extension (per Rule 4)."[USCA © 1992, p.173].
17  D. Precedents: **1.** "Evasion of service by defendant constitutes 'good cause' for failure to serve
18  under Rule 4." [Ruiz Varela v. Sanchez, 814 F 2d 821], [U.S. v. Ayer, 857 F 2d 881], [Hibernia
19  National Bank v. Carner, M.D. La. 1991, 758 F Supp. 382], [Defrancis v. Bush, 859 F. Supp.
20  1022], [Baltrunas v. Sheahan 161 F.R.D. 56 (N.D. Ill. 1995)], [U. S. v. Tobins 483 F Supp 2d
21  268 (D. Mass. 2007) ]. Precedents are consistent with legislative intent.
22     **2.**"FRCP Rules...do not entitle court to contradict a clear cut legislative scheme or to
23  emasculate a citizen suit provision created by Congress." [Friends of the Earth v. Carey
24  C.A.N.Y.1976, 535 F. 2D. 165]. "Courts must not apply FRCP (in a way that) violates the
25  U.S. Constitution..." [Douglas v. N.C.N.B. Texas National Bank, C.A. 5 (Tex), 1992, 979
26  F.2d. 1128] "The aim of the FRCP is to establish uniformity in the federal judiciary"
27  [Monarch Ins. Co. Of Ohio v. Spach, C.A.5 (Fla.) 1969 281 F. 2d. 401]. Precedents in
28  the 9th circuit apply to all circuits and vice-versa.

1  **E. Supreme Court: 1.** "It is too late in the day and entirely contrary to the spirit of the Federal
2  Rules of Civil Procedure to avoid decisions on the merits..." "Leave sought should, as the rules
3  require, be freely given." [Foman v. Davis 371 U. S. 178 (1962)]. Plaintiff seeks enhancement to
4  serve defendant who is avoiding service. There is no prejudice to the defendant. Bank video is
5  evidence of organized crime scheme to defraud the court regarding service of Lieb. This
6  evidence shows identity of person who knows discoverable matter and where Lieb can be found
7  and served. Evidence is "relevant" under rule 26. Order to dismiss because plaintiff doesn't
8  have that evidence proves relevance. **2.** There is Constitutional "right of access to the federal
9  Courts...determination on the merits (will not occur) if the plaintiff is prevented or deterred from
10 redress." [Schlagenhauf v. Holder, 379 U.S. 104 (1964)].

11 **3.** "We find a deliberately planned and carefully executed scheme to defraud (the) Court"
12 "...the fraud cannot be condoned..." "There are issues of great moment to the public..." "It is a
13 wrong against the institutions set up to protect and safeguard the public." [Hazel-Atlas Glass Co.
14 v. Hartford Empire Co., 322 U.S. 238, 64 S. Ct. 997]. Lieb's scheme to avoid service is extrinsic
15 fraud, and the Court, upon knowing, cannot tolerate it. Court has a legal obligation under Rule 4
16 to prevent this fraud by enhancing the time for service and issuing an order for the evidence.

17                              CONCLUSION
18     Ruling has no legal or **factual** basis. **1.** <u>Court states that Plaintiff made allegations
19 and then states that those allegations were not made.</u>(p. 3, lines 16-20). **Ruling
20 contradicts itself.** **2.** Ruling is unconstitutional. **3.** "There must be factual predicate (for
21 ruling)"--not speculation. Evidentiary hearing **prior to** ruling is the accepted
22 standard.[Commonwealth v. Flaherty, 1994, 40 F.3d 57]. Evasion of service is good
23 cause, surveillance evidence is proof, enhancement is mandatory, and there are no
24 grounds for dismissal.

25

26 Respectfully, Lantz Arnell, MD 8/29/08

27
28 Lantz Arnell, MD          Dated 8/29/08