# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANTZ E. ARNELL,<br><br>   Plaintiff,<br>   vs.<br><br>JACK LIEB, ESQ. & ASSOCIATES,<br>JUDGE WILLIAM McADAM, *ET AL.*<br><br>   Defendants. | CASE NO. 08cv0441-LAB (RBB)<br><br>**ORDER DISMISSING<br>DEFENDANT LIEB** |

On July 15, 2008, Plaintiff filed an *ex parte* application seeking an order permitting him to view bank surveillance tape, as well as an enlargement of time in which to serve Defendant Lieb[1] with process. After rulings by Magistrate Judge Ruben B. Brooks denying Plaintiff's request and denying reconsideration of his request, the Court on August 22 issued an order requiring Plaintiff to show cause why Defendant Lieb should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure to timely serve Lieb with process (the "OSC").

/ / /

---

[1] The Complaint and subsequent filings are unclear as to whether Plaintiff is suing Jack Lieb personally, or Jack Lieb & Associates, a law firm. *See* Order of August 22, 2008 at n.1. Fed. R. Civ. P. 10(a) requires plaintiffs to name defendants in the caption of the complaint, and here, Plaintiff apparently named the law firm, not the individual. In the affidavit submitted in support of his Response, Plaintiff clarifies he meant to sue Jack Lieb personally. It is unnecessary, however, to resolve this issue because, as discussed in this order, Plaintiff has served neither with process.

On September 2, Plaintiff filed a pleading styled "Plaintiff's Memorandum of Points and Authorities in Opposition to Order [D]enying Enlargement of [T]ime for [S]ervice and Order for [D]ismissal" (the "Response"). Because the Response cites the OSC and attempts to show why Lieb should not be dismissed as a Defendant, the Court construes this pleading as Plaintiff's attempt to show cause as ordered. The Response is supported by an affidavit (the "Affidavit").

Plaintiff believes that someone is impersonating Jack Lieb and that he must find this person in order to find Jack Lieb in order to serve him with process. (Response at 1:26 ("The person impersonating Lieb knows where Lieb can be found and served." ).) The Affidavit says Plaintiff knows Jack Lieb well and has had a "cordial relationship" with him since 2005. It says he and Lieb have spoken in person and on the phone "countless times." It goes on to report a mysterious disappearance:

> Jack Lieb disappeared shortly after I filed racketeering charges against Judge McAdam in 2007. From that time to the present, I've sent 5 different process servers to serve him on his person at his office at different times of the day and at the Chula Vista Court house. They couldn't find him. There is a document circulated by a court reporter stating that he made a court apperance May 15th, 2007. There are people who will testify he wasn't there and the Court reporter is mistaken. The FBI says there's no "missing persons" report on him and I still get telephone calls from his office by someone claiming to be him. Every time I call it's the same voice pretending to be Lieb. He has created an elaborate hoax to evade service.

The Affidavit is not credible. While it is replete with references to what other unnamed people could swear to, documentary evidence Plaintiff failed to submit, and dark hints of a conspiracy, Plaintiff shows no basis for his conclusions. Plaintiff's statements about his efforts to serve Lieb are inexplicable and inconsistent with other pleadings,[2] and his

---

[2] In the excerpt cited above, for example, Plaintiff claims he hired five different process servers to serve Lieb with process beginning in 2007; later, he claims he hired five process servers after filing his complaint in this case (on March 10, 2007). In his *Ex Parte* Application filed July 15, 2008, Plaintiff says he received a phone call from a man identifying himself as Jack Lieb agreeing to appear at a bank and accept service. (*Ex Parte* Application filed July 15, 2008 (Docket no. 21), at 2:4–5.) There, he said he showed up at the bank but it turned out the man was not Jack Lieb after all. (*Id.* at 2:6–8.) In his Affidavit, he says he had process servers present with him in the bank, ready to serve Lieb. Elsewhere in the Affidavit Plaintiff claimed, however, he and Lieb have spoken in person and on the phone "countless times" which is why he recognizes the Lieb imposter by his voice.

contention that the FBI needs the Court's permission before it can investigate Lieb's disappearance is obviously wrong. According to Plaintiff's account, there should be many witnesses whose statements would be available, including many people who will swear Lieb was not present in court as well as some process servers Plaintiff claims witnessed an altercation in a bank between himself and the Lieb's stand-in. Yet Plaintiff has not submitted a declaration from any of them, or even identified them. The Court does not share Plaintiff's assumption that an impersonator is practicing law in Jack Lieb's stead, and that no one other than Plaintiff has noticed this.

In fact, the account of futile efforts at service of process and a stranger's voice on the telephone are much more consistent with the unremarkable conclusion that Lieb, a litigator, was often kept busy outside his office and had neither the time nor the inclination to speak to Plaintiff personally. If the person calling Plaintiff was not Lieb, it was likely a secretary or associate. The man who agreed to show up at the bank and accept service of process, if he was not Lieb, was probably someone representing Lieb's law firm, or Lieb's attorney. This conclusion is further supported by the absence of any missing persons report and the refusal of the police and FBI to investigate Plaintiff's reports of Lieb's disappearance and an ongoing impersonation. The fact that at least two process servers refunded Plaintiff's money and a private detective refused to do the work he wanted is not evidence of an international conspiracy as Plaintiff alleges, but more likely a reflection of their unwillingness to work with him.

Plaintiff's Affidavit detailing his efforts to serve Lieb with process would be inadequate to support granting any further extension of time even if it were true. According to the Affidavit, Plaintiff began his efforts to serve Lieb while his last lawsuit was pending (which he withdrew), and before he filed this one. Obviously, Plaintiff could not have served Lieb with process before filing his Complaint in this case on March 10, 2008, however. He has apparently spent most of his time since March10 in dogged pursuit of red herrings such as the bank surveillance tapes, which both Magistrate Judge Brooks' rulings and this Court's rulings have pointed out are unlikely to assist Plaintiff in serving Lieb with process. This has

been a waste of time. Plaintiff's various filings show he began attempting to serve Lieb with process no later than around March 19, 2008 (*see Ex Parte* Application filed July 15, 2008, at 2:9–10) and has spent much of the remainder of his time pestering hapless bank officials, making reports to the FBI, and filing meritless pleadings. In his Response, he is still attempting to obtain the tapes. This does not constitute diligence nor does it show good cause for failure to serve Lieb with process.

Furthermore, even assuming Plaintiff's account to be generally true, it at most supports a finding that Lieb has disappeared; it does not support a finding that he has gone into hiding in order to evade service in this case. Nor does it support a finding that Lieb's doppelganger would know where he was and could and would assist Plaintiff in locating him.

The Court finds Plaintiff has not shown good cause for failure to serve Defendant Lieb with process within the time permitted. Therefore, pursuant to Fed. R. Civ. P. 4(m), Defendant Lieb is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

DATED: September 3, 2008

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge